**INTERNATIONAL ELECTRONICS CORP., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 445–78.

United States Claims Court.

June 3, 1983.

Leonard Petkoff, Vienna, Va., for plaintiff.

Donald J. Boday, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAYER, Judge.

The United States Court of Claims reviewed a decision of the Armed Services Board of Contract Appeals (Board) *, on plaintiff International Electronics Corporation's claim under the Wunderlich Act, 41 U.S.C. §§ 321–322 (1976). The Court of Claims held that plaintiff was entitled to a conversion of the default termination of its contract with the Army to one for the convenience of the government because the contracting officer had erroneously defaulted plaintiff for failing to provide the contractually required work force.

Among the reasons plaintiff alleged as a defense to the contracting officer's decision was the failure of the government to furnish the equipment (GFE) it was required

---

* ASBCA Nos. 18934, 19176, Contract No. DAJB 03–74–C–3016, 76–1 BCA ¶ 11,817 (1976).

to under the contract and the consequent delay and diversion of plaintiff's personnel to compensate for this failure. The government's failure to properly fulfill its obligation to furnish equipment of the types, quantities, and in the condition required by the contract was also alleged as a cardinal change giving rise to an independent cause of action for which plaintiff seeks damages including anticipated profits. The case is more fully explained in the opinion of the Court of Claims. *International Electronics Corp. v. United States,* 227 Ct.Cl. 208, 646 F.2d 496 (1981).

The report of its trial judge considered by the Court of Claims said plaintiff's claim that the Army's failure to provide GFE in accordance with the contract constituted an independent ground for converting the termination from default to convenience was superfluous. Only one valid excuse is necessary to that result, and reasons other than the GFE matter were deemed sufficient. However, the report went on to suggest that the same GFE deficiency should be viewed as a cardinal change to the contract for which plaintiff is also entitled to damages.

The Court of Claims held it was unnecessary to reach the cardinal change issue and deleted discussion of it from the report, which it then adopted as the opinion of the court. *Id.* at 209, 646 F.2d at 497. Plaintiff's motion for reconsideration of that part of the court's ruling was denied, *id.* at 208, and the case was remanded to the Board for calculation of the amount of plaintiff's recovery.

Upon remand to the Board, the parties negotiated a settlement and the appeals were dismissed from its docket. Thereafter, however, plaintiff refused to stipulate to a dismissal in this court because the Court of Claims had not considered the cardinal change breach of contract issue. Therefore, the parties have filed motions for summary judgment limited to that issue which plaintiff says remains for decision.

This court is, of course, the successor to the United States Court of Claims and inherits its 125 year tradition of ensuring that in matters within its jurisdiction the government treats its citizens in accordance with law and justice. It assumed essentially all of the jurisdiction previously exercised by the Court of Claims, with the addition of limited equitable power which did not then exist. Federal Courts Improvement Act of 1982, Pub.L. No. 97–164 § 133, 96 Stat. 39 (to be codified in 28 U.S.C. § 1491) (hereinafter cited as Federal Courts Act). As its first order of business, the court took the salutary step of declaring the precedent of the Court of Claims binding until changed by the United States Court of Appeals for the Federal Circuit or the Supreme Court of the United States. General Order No. 1, U.S.Cl.Ct. Preceding Rule 1, 28 U.S.C.A.; *Shafer v. United States,* 1 Cl.Ct. 437, 438 (1983) (MAYER, J.).

■ This court has the authority to enter final judgments, mindful of applicable precedent, in cases which were pending before the Court of Claims but in which no final judgment was entered before jurisdiction was transferred. *See* Federal Courts Act § 403(d), 96 Stat. 58 (to be codified in 28 U.S.C. § 171 note).** As a coordinate court, it has the same authority in active cases to reconsider rulings made in the course of the proceedings that it has when administering a case brought here initially and assigned to a judge statutorily required to exercise the power of the court individually. *See* Federal Courts Act § 105(a), 96 Stat. 27 (to be codified in 28 U.S.C. § 174). Therefore, an interlocutory ruling of the Court of Claims in a case still pending is not, strictly speaking, "precedent." It is, rather, a ruling which falls under the law of the case doctrine which should be followed

** This case was pending before a trial judge of the Court of Claims, *see* Ct.Cl.R. 150(d); *International Electronics Corp. v. United States,* 227 Ct.Cl. at 236, 646 F.2d at 512. After the Claims Court was inaugurated and the assigned judge retired, it was transferred to this judge. *Inter-*

*national Electronics Corp. v. United States,* No. 445–78 (Dec. 22, 1982) (KOZINSKI, C.J.) (order assigning cases). *See also* Federal Courts Act § 403(c), 96 Stat. 58 (to be codified in 28 U.S.C. § 171 note).

as a matter of sound judicial practice unless the ruling is plainly wrong and to adhere to it would be unjust. *See Department of Natural Resources and Conservation of the State of Montana v. United States,* 1 Cl.Ct. 727, 731 n. 2, 733 (1983) (LYDON, J.).

Here, plaintiff does not say the Court of Claims was wrong; it says that the cardinal change issue was not resolved. The Court of Claims' failure to render a decision, whether by choice or inadvertence, is not a decision on an issue which gives rise to the law of the case doctrine, and it remains open.

■ The court is of the view, however, that the doctrine does apply here. The Court of Claims obviously did consider the cardinal change matter when it reviewed the report of the then trial judge, decided that it was "unnecessary to reach the issue of whether the government's actions constituted a 'cardinal change' of the contract," and deleted that portion of the report. 227 Ct.Cl. at 209, 646 F.2d at 496. The pleadings show the Court of Claims further considered it when plaintiff pointedly moved for reconsideration and the court denied the motion. 227 Ct.Cl. at 208.

The law of this case then is that it is unnecessary to decide the cardinal change issue in light of the decision to convert the default termination to one for the convenience of the government under the default clause of the contract. When plaintiff has recovered as a result of the termination for convenience, it will have received all to which it is entitled because of the contracting officer's wrongful actions.

■ Plaintiff bears a very heavy burden when it asks a court to contravene the law of the case doctrine; in the absence of superseding change in the law or properly presented new facts, it may be overcome only when a strong showing of clear error is made. *Northern Helex Co. v. United States,* 225 Ct.Cl. 194, 201, 634 F.2d 557, 561 (1980). "A mere suspicion of error, no matter how well supported, does not warrant reopening an already decided point .... Only if [the court] were convinced to a

certainty that [the] prior decision was incorrect would [it] be warranted in now reexamining [it]." *Id.*

The most plaintiff has done, is what it did twice before the Court of Claims. It has sought to convince of the necessity to reach the cardinal change question and to decide that *Edward R. Marden Corp. v. United States,* 194 Ct.Cl. 799, 442 F.2d 364 (1971), is applicable to its predicament, while cases such as *William Green Construction Co. v. United States,* 201 Ct.Cl. 616, 477 F.2d 930 (1973), are not. The Court of Claims apparently was not persuaded and review of the cases fails to demonstrate that its consequent decision not to reach the issue was clearly wrong. This is especially so where plaintiff has founded its cardinal change claim and the one for conversion from default to convenience at least partially on allegations of the same government error. The court did not come to its conclusion inadvertently. "[R]ight or wrong, they knew perfectly what they were doing." *Northern Helex Co.,* 225 Ct.Cl. at 206, 634 F.2d at 565 (Nichols, J., concurring). Having twice been presented with the question plaintiff now asks, and having twice decided it was unnecessary to reach it, there is no doubt the Court of Claims would now have declined plaintiff's invitation to revisit the question. *See id.* at 201–02, 634 F.2d at 562; *United States v. Turtle Mountain Band of Chippewa Indians,* 222 Ct.Cl. 1, 8, 612 F.2d 517, 521 (1979). This court should not do otherwise.

■ The effect of the considered decisions of the Court of Claims not to reach the cardinal change issue was to rule *sub silencio* against plaintiff's contentions. Plaintiff's assertion that it cannot be known as a fact that its arguments and position on the issue were considered and that the matter remains open is therefore belied by the record. Plaintiff may be displeased by the result, especially since the initial recommended decision was in its favor, but the issue is not still open.

■ This court cannot decide anew how it would have ruled on the cardinal change issue. It is precisely this kind of

exercise the law of the case doctrine seeks to avoid. The important public objective served by the doctrine is that judicial decisions must at some point be final so that litigation will not continue indefinitely because a party is dissatisfied. *Turtle Mountain Band,* 222 Ct.Cl. at 6, 612 F.2d at 520. Parties cannot relitigate settled points in the hope that passage of time or changes in the composition of a court will lead to more favorable results. *Cf. Roberts v. Cooper,* 61 U.S. (20 How.) 467, 481, 15 L.Ed. 969 (1857). Considerations similar to those indulged under the rules of *res judicata* and *stare decisis* apply here. *See generally,* 1B J. Moore, Moore's Federal Practice ¶ 0.404[1] (2d ed. 1982). Only marginally more flexibility should be exercised in defying the law of the case doctrine and this is not a case which calls for the exercise of that flexibility.

Accordingly, it is ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's cross-motion for summary judgment is GRANTED, with the complaint to be dismissed.

