Clyde R. YAIST

v.

The UNITED STATES.

No. 214–77.

United States Claims Court.

Jan. 13, 1984.

See also 2 Cl.Ct. 349.

Thomas M. Gittings, Jr., Washington, D.C., for plaintiff.

James T. Draude, Washington, D.C., with whom is Acting Asst. Atty. Gen. F. Henry Habicht, II, Washington, D.C., for defendant.

1. See Court of Claims Rule 131(c), 28 U.S.C.

## ORDER

SETO, Judge.

This petition (now Complaint) involves the amount of compensation due plaintiff from the Government for the Government's taking of plaintiff's land in Florida. The issues of liability and accounting were severed for purposes of trial[1], and the Court of Claims held that the Government was liable for the taking of plaintiff's property. The case was then remanded under Court of Claims Rule 131(c) for a trial on the issue of accounting. *Yaist v. United States,* 656 F.2d 616, 228 Ct.Cl. 281 (1981) (referred to hereinafter as *Yaist I*).

Defendant has filed a "Motion to Compel Answers to Interrogatories and Production of Documents," requesting therein an order from this court directing plaintiff to substantively respond to defendant's interrogatories numbers 8, 9, 12, 15, and 16, and defendant's requests for documents numbers 2, 3, 4, and 5. In its reply to plaintiff's opposition to the motion, defendant informed the court that only interrogatory number 16 ("I–16") and request for documents number 5 ("D–5") remain unanswered.

■ Having carefully considered the arguments of the parties, the court concludes that plaintiff should be required to substantively answer defendant's remaining discovery requests or face sanctions under RUSCC 37(b)(2).

The first item, I–16, reads as follows:

a) Does Gwenneth J. Yaist [now divorced from plaintiff] retain any interest in, or claim to, the Property [for the taking of which plaintiff is seeking compensation]?

b) If not, state the manner in which Mrs. Yaist's interest in the Property was terminated.

c) Identify all documents that record, reflect, or relate in any way to termination of Mrs. Yaist's interest.

To this interrogatory, plaintiff answered: "Objected to as being irrelevant and imma-

[prior to Oct. 1, 1982], now RUSCC 42(c).

terial. The Court has held that Plaintiff is the owner of the property and further the Defendant inquired into this matter at the initial trial and the Court ruled that it was outside the jurisdiction of this [sic] Court. (Tr. 115–116)." Plaintiff also refers to the fact that the court in *Yaist I* adopted, with modifications not relevant here, the findings of fact made by the trial judge. One of those findings is that "[p]laintiff is the owner of legal title to the property in issue . . . ." Based on the transcript and the adopted findings, plaintiff contends that the question of ownership is now *res judicata,* and thus any question relating to ownership is irrelevant.

Plaintiff's argument is erroneous in that it misconstrues the effect of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164 § 133, 96 Stat. 39 and General Order Number 1 of the United States Claims Court, 1 Cl.Ct. xxi (1982). Under the latter, *final decisions* of the Court of Claims are binding precedent on this court. In the case at bar, however, the decision was not final as to the entire case. The decision cited by plaintiff in its objection to I–16 was a decision rendered only as to the liability of the Government for the taking of property. What is now being litigated, *as part of the same case,* is the *extent* of the Government's liability. These two issues, closely related but not identical, are part and parcel of the same case on the same cause of action.

No cases have been cited by plaintiff to support its position that a decision on one aspect of a case constitutes *res judicata* as to the remainder of the case. There is, however, support for the proposition that the opposite is in fact true. A law journal article written by the current Clerk of our Court, addresses the appealability of separately decided issues in a bifurcated trial:

Where the court first decides the question of liability, leaving for determination in further proceedings the amount of recovery, the dissatisfied party has an election of petitioning for certiorari within ninety days of the decision on liability or within ninety days of the entry of the money judgment. [Peartree, "Statistical Analysis of the Court of Claims," 55 Geo.L.J. 541, 547 (1966) (Footnote omitted).]

The bases for this statement are *United States v. Adams,* 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572 (1966) and *United States v. Carlo Bianchi & Co.,* 373 U.S. 709, 83 S.Ct. 1409, 10 L.Ed.2d 652 (1963). In the former case, the Government filed a petition for certiorari within the time required for such petitions following a decision of the Court of Claims on liability, but before a trial or a ruling was had on the issue of accounting. Certiorari was granted as having been properly filed. In *Bianchi,* on the other hand, the petition for certiorari was filed following entry of a money judgment, which was over three years after the decision on liability. The Supreme Court granted certiorari and considered both liability and the money judgment despite plaintiff's contention that, as to the issue of liability, the petition was untimely. The clear implication of these cases is that, while a party may, in the interests of speed and efficiency, appeal a ruling on liability in a bifurcated case, that ruling does not become final for all purposes until either (a) an appeal has been taken and ruled on, or (b) *all* of the issues in the case have been decided by the trial court.

The current status of cases actively pending before the Court of Claims at the time of the creation of this court, and the effect of interlocutory rulings by the Court of Claims is ably explicated by Judge Mayer in *International Electronics Corp. v. United States,* 2 Cl.Ct. 570, aff'd, No. 83–1215 (Fed. Cir. Dec. 27, 1983):

This court has the authority to enter final judgments, mindful of applicable precedent, in cases which were pending before the Court of Claims but in which no final judgment was entered before jurisdiction was transferred [to the Claims Court]. *See* [Federal Courts Improvement Act of 1982, Pub.L. No. 97–164] § 403(d), 96 Stat. 58 (to be codified in 28 U.S.C. § 171 note). As a coordinate court, it has the same authority in active cases to reconsider rulings made in the

course of the proceedings that it has when administering a case brought here initially and assigned to a judge statutorily required to exercise the power of the court individually. Therefore, an interlocutory ruling of the Court of Claims in a case still pending is not, strictly speaking, "precedent." It is, rather, a ruling which falls under the law of the case doctrine which should be followed as a matter of sound judicial practice unless the ruling is plainly wrong and to adhere to it would be unjust. [*Id.* at 572–573.] [Footnote and some citations omitted.]

According to these authorities, therefore, plaintiff cannot rely on the Court of Claim's previous rulings in this case to support his defense of *res judicata.*

■ Plaintiff's objection to interrogatory I–16, however, may be valid under the law of the case doctrine mentioned by Judge Mayer. In its opinion affirming Judge Mayer's decision in *International Electronics,* the Court of Appeals for the Federal Circuit stated:

It is well established that the law of the case doctrine includes issues which were decided either expressly or *by necessary implication.* [No. 83–1215, *slip op.* at 2, citing *Lehrman v. Gulf Oil Corp.,* 500 F.2d 659, 663 (5th Cir.1974) and *Carpa, Inc. v. Ward Foods, Inc.,* 567 F.2d 1316, 1320 (5th Cir.1978) ] [Emphasis in original.]

In reference to the interrogatory in question, what was decided "expressly or by necessary implication" in *Yaist I* was that plaintiff owned property which was taken by the Government. The issue of whether someone other than plaintiff had an interest in the property (besides the Government) was *not* before the court. Trial Judge Browne addressed this point at the trial, stating: "[T]hat [i.e., whether someone other than plaintiff also had a legal interest in the property in question] would be outside the scope of this particular action." *See* Tr. at 116. The issue, however,

is pointedly *not* outside the scope of the current action; the extent of plaintiff's interest in the taken property has a direct bearing on the amount of money, if any, the Government may owe plaintiff. It is relevant, and therefore discoverable. RUSCC 26(b).[2]

■ The second item for which defendant seeks discovery is a document entitled Plaintiff's [Proposed] Exhibit V–18, otherwise identified as an "Agreed Order dated October 15, 1981." In the briefs filed in support or opposition to defendant's motion, each party has asserted that it did not have a copy of the document. The court has no doubt that these averments are made in good faith by both counsel. The document has, however, been proposed as an exhibit by plaintiff, and, in light of defendant's assertion, plaintiff has the present burden of producing the document. Absent production, plaintiff will not be allowed to rely on the document in this proceeding.

It is this court's conclusion that defendant's Interrogatory Number 16 and defendant's Request for Documents Number 5 (which includes Plaintiff's Exhibit V–18) call for matters properly within the scope of discovery in this case.

It is therefore ORDERED that:

1. Plaintiff shall fully and substantively respond to defendant's Interrogatory Number 16 within 30 days of the date of this Order; and

2. Within the same time period, plaintiff shall provide defendant a copy of Plaintiff's [Proposed] Exhibit V–18 or, alternatively, inform defendant of the place and/or manner in which defendant may conveniently obtain a copy thereof. Should plaintiff be unwilling or unable to comply with this part of this Order, the court shall enter an Order pursuant to RUSCC 37(b)(2)(B) and other appropriate subdivisions of that Rule barring plain-

---

**2.** Other issues tangential to the discovery issue, such as the admissibility in evidence of what is learned through the sought-after discovery or whether the court has jurisdiction to rule on

plaintiff's or defendant's accountability to plaintiff's ex-wife, are not currently before the court and, therefore, are not proper subjects for consideration at this time.

tiff from using or otherwise relying on the proposed document in any way in future proceedings in this case.

IT IS SO ORDERED.

