**WHITE MOUNTAIN APACHE TRIBE OF ARIZONA, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 22–H.**

United States Claims Court.

Feb. 13, 1984.

William H. Veeder, Washington, D.C., for plaintiff; Robert C. Brauchli, White River, Ariz., of counsel.

James M. Upton, Washington, D.C., with whom was Asst. Atty. Gen. F. Henry Habicht, II, Washington, D.C., for defendant.

## ORDER

NETTESHEIM, Judge.

In a "Motion Joining All Fiscal Claims and Accounting Issues As Ordered by This Court," plaintiff White Mountain Apache Tribe of Arizona ("plaintiff") requested on January 12, 1984, that this court allow plaintiff to reject an accounting report prepared by the Government in 1975, which report was the subject of a trial in 1978, as to which requested findings and post-trial briefs have not been filed. The legal section of plaintiff's motion cites no case law and contains only two references to treatises on *res judicata,* which doctrine has nothing to do with plaintiff's motion. Defendant has opposed and plaintiff has replied.

Plaintiff's motion seeks a declaration:

1) that no trial has occurred on "the adequacy or acceptability" of a July 31, 1975 GSA Indian Trust Accounting Division, Office of Finance Disbursement Accounting Report (the "GSA Report");

2) that the GSA Report is not an accounting;

3) that defendant is obligated to "account" to plaintiff for all funds received and disbursements made for the benefit of plaintiff;

4) that defendant is obligated to account to plaintiff for funds which it should have received except for defendant's "maladministration" and "corruption"; and

5) that such an accounting must be delivered to plaintiff for the years 1871 to 1946 and to date.

## FACTS

The issue for decision concerns the position the GSA Report[1] and the 1978 trial thereon occupy in the current posture of the case. The GSA Report accounted for disbursements of tribal funds for the then-two plaintiff tribes from 1897–1946 and for the receipts which had created the funds. Seventy one of the 118 exceptions to the GSA Report were tried in 1978.

The 1978 trial was conducted within definite parameters established by Judge Lloyd Fletcher's order on June 13, 1977:

This trial will be limited to the issues relative to the liability, if any, of defendant to restore to plaintiff's respective IMPL [Indian Moneys Proceeds of Labor] accounts (principal and interest) funds which plaintiffs claim were improperly or illegally disbursed therefrom by defendant prior to August 14, 1946, including issues as to improper or illegal disbursements presented by plaintiffs' Exceptions Nos. 11–88, 93, 94, 98, 100, 103, 107, 110 and 117.

In the latter half of the nineteenth century, after concluding peace treaties with various Indian tribes, the United States undertook pursuant to executive order and statutory authority to establish IMPL accounts for each tribe. Pursuant to Judge Fletcher's order, the 1978 trial covered the management of disbursements from the two plaintiff tribes' IMPL accounts. In fact, defendant objected before the 1978 trial to what it perceived as an attempt in plaintiffs' Exception No. 117 to broaden the scope of the trial beyond the IMPL accounts, and plaintiffs complained that de-

1. The GSA Report superseded an accounting report by GSA dated November 6, 1970.

fendant misunderstood their position and insisted that the 1978 trial, including Exception No. 117, include only disbursements from the IMPL accounts, not damages for property mismanagement.

After the 1978 trial, proposed findings of fact were filed by defendant as to the co-plaintiff San Carlos Apache Tribe, but not with respect to plaintiff. Proceedings were stayed while settlement offers were considered. Eventually, the San Carlos Apache Tribe accepted settlement and departed the case, leaving the White Mountain Apache Tribe. Consideration of settlement continued and failed. In January 1983 the case was assigned to this court, and proceedings once again began to move forward.

Referring to the 1978 trial, Robert C. Brauchli (plaintiff's "second counsel") in a pleading filed on June 13, 1983, stated that some fiscal claims were not addressed therein, specifically for the years 1871–1897 and 1946–1983 (present). According to second counsel, plaintiff was ready to attempt settlement of the issues tried in the 1978 trial by October 1, 1983, and, failing that result, he stated that the parties would require at least two years to file post-trial briefs on the 1978 trial. Plaintiff reiterated its position as to the scope of the 1978 trial in a joint status report filed on August 5, 1983.

On June 15, 1983, the court ordered that "[t]he scope of the trial in this case shall exclude claims referred to as the fiscal claims." Plaintiff on November 2, 1983, filed a motion for reconsideration of this order with an attached proposed order. This motion generally complained that not all the exceptions to the GSA Report had been tried.

Plaintiff's second counsel suggested in his motion for reconsideration that plaintiff had theories for claims on fiscal matters beyond the scope of the GSA Report. Specifically, second counsel noted that the 1978 trial did not include: 1) government accounts; 2) individual Indian money accounts; 3) special deposit accounts; 4) other accounts; 5) failure of defendant to place funds in the proper account; 6) failure to credit interest where interest was due; 7) any other failure to deal properly with plaintiff's funds; 8) IMPL account disbursements from 1883 to 1898; 9) Indian monies not taken into the United States Treasury from 1871 to 1883; 10) sale of plaintiff's natural resources from 1883 to 1898; and 11) sale of plaintiff's hay, barley, corn, and wood from 1871 to 1898. Second counsel also averred that several motions for accounting and supplemental accounting reports were held in abeyance during the 1978 trial and subsequent settlement negotiations. Further, second counsel took the position that defendant was under an obligation to account for all types of monies received by defendant pursuant to a March 20, 1974 order of the Indian Claims Commission. Defendant did not oppose plaintiff's motion.

By November 7, 1983 William H. Veeder (plaintiff's "present counsel") had entered his appearance. On that date plaintiff's motion was granted and the proposed order was adopted. (The order entered on November 7, 1983 will be referred to herein as the "reconsideration order" to distinguish it from another order entered that date which dealt primarily with plaintiff's claims for mismanagement of natural resources.)

Paragraph 2 of the reconsideration order, in part, repeated the language concerning the scope of the 1978 trial contained in Trial Judge Fletcher's June 13, 1977 order, quoted *supra* p. 587:

The 1978 Trial in Docket 22–H was limited in its scope to the issues relative to the liability, if any, of the Defendant to restore to Plaintiff's respective IMPL accounts (principal and interest) funds which Plaintiff claim were improperly or illegally disbursed therefrom by Defendant prior to August 14, 1946, including the issues as to improper or illegal disbursements presented by Plaintiff's Exceptions Nos. 11 thought [sic] 88, 93, 94, 98, 100, 103, 107, 110 and 117.

Further, paragraph 5 of the reconsideration order provided:

In the interest of joining all fiscal claims and accounting issues, the Plain-

tiff is hereby ordered to renew or file any additional motions for an accounting or accountings by Defendant of all tribal funds, not tried in 1978, by the 15th of January, 1984.

## DISCUSSION

Defendant has been forced to respond to plaintiff's motion, and the court acknowledges its use of defendant's response.

Plaintiff was invited in paragraph 5 of the reconsideration order to specify all fiscal claims that were not encompassed within the 1978 trial. Paragraph 5 thus enabled plaintiff to obtain an order requiring defendant to prepare an additional accounting for fiscal claims, other than pre-August 14, 1946 IMPL disbursement claims (including pre-1898 IMPL disbursement claims), that were either outside the 1978 trial and covered by exceptions to the GSA Report or outside the 1978 trial and not covered by the GSA Report.

█ Instead of moving for particular accountings with respect to plaintiff's "fiscal" or "accounting" claims that had not been tried, present counsel has filed a polemic that makes not a single specific accounting request other than to reject the GSA Report as, among other descriptions, "fatuous." Although there are allusions in plaintiff's motion to some claims arguably "fiscal" or "accounting" in nature, they do not appear in its closing prayer for relief. The specificity required when requesting an accounting is absent from plaintiff's instant motion. *E.g., Three Affiliated Tribes v. United States*, 37 Ind.Cl.Comm. 129, 131 (1975). *See also Colorado River Indian Tribes v. United States*, 36 Ind.Cl.Comm. 425, 426 (1975). The court is not prepared to order defendant to prepare further accountings without specific requests therefor.

Plaintiff asks that defendant be ordered to prepare an accounting for all funds received or that should have been received and for their disbursement for years after 1946. This request cannot be granted; the court does not have jurisdiction to order such an accounting unless and until a showing is made a such continuing wrong exists. *See* ¶ 6 order of Nov. 7, 1983 (citing cases); accord *Three Affiliated Tribes v. United States*, 36 Ind.Cl.Comm. 116, 129–30 (1975); *Hopi Tribe v. United States*, 33 Ind. Cl.Comm. 74, 80 (1974).

Plaintiff labels the 1978 trial a "hearing" and insists that no trial was held. Its position is that the acceptability of the GSA Report was not raised and that with respect to disbursements defendant's witnesses had admitted that the GSA Report was "totally fabricated" and "whole cloth," characterizations disputed by defendant. Trial Judge Fletcher thought the event was a trial, and he issued an order closing proof. Second counsel thought the event was a trial. Now plaintiff seeks a declaration that there was no trial, without attempting to make any showing cognizable under RUSCC 59(a) or 60(b) governing motions for new trials or relief from orders.

█ The 1978 order closing proof completed the presentation of evidence on the issues raised by plaintiffs' exceptions listed above. The adequacy of the GSA Report on disbursements was in issue at the 1978 trial. The adequacy of the GSA Report as to receipts and as to accounts other than IMPL accounts has not been tried. Because Judge Fletcher's orders decided what issues were to be tried and upon which issues proof was closed, the rule of the law of the case forecloses reopening these two orders. *See, e.g., Samuel T. Issac & Associates v. United States*, 3 Cl.Ct. 524, 527–28 (1983) (MILLER, J.); *International Electronics Corp. v. United States*, 2 Cl.Ct. 570, 573 (1983) (MAYER, J.), aff'd mem., 727 F.2d 1120 (Fed.Cir.1983) (per curiam). Plaintiff's reconsideration motion did not run afoul of the law of the case insofar as it dealt with issues not within the scope of the subject orders. However, the attempt to broaden the claim years to include 1871–1897 on the grounds that the GSA Report did not cover years before 1898 and that the GSA Report is inadequate must be rejected based on the law of the case. Relitigation of the IMPL disbursements before 1946,

including the years prior to 1898, will not be permitted.

▉ A number of plaintiff's references in its January 12, 1984 motion to defendant's obligation to provide accounting reports refer to matters that are not properly classified as fiscal claims. Section XIV of plaintiff's motion ties a failure of defendant to account for funds in the nineteenth century to erosion caused by defendant's "maladministration," a property mismanagement claim if this section of plaintiff's motion has any meaning at all. Of the same nature are damage claims—styled by plaintiff as accounting claims—for trespass by livestock during this period, mismanagement of timber, grazing land mismanagement, and induced aridity. These claims are not fiscal claims. *See, e.g., Three Affiliated Tribes v. United States,* 36 Ind.Cl.Comm. at 130–40, 141–61.

### CONCLUSION

Based on the foregoing,

IT IS ORDERED, as follows:

1. Plaintiff's "Motion Joining All Fiscal Claims and Accounting Issues As Ordered by This Court" is denied.

2. Plaintiff's fiscal claims are limited to those years prior to August 14, 1946, in accordance with ¶ 6 of the court's November 7, 1983 order.

3. All disbursement claims from IMPL accounts before August 14, 1946, shall not be the subject of further proof and shall be subject to ¶ 5 hereof.

4. Further to ¶ 5 of the reconsideration order, plaintiff shall file by March 1, 1984, a motion requiring defendant to provide a further supplemental accounting with respect to all fiscal claims that were not the subject of the 1978 trial, that were the subject of plaintiff's November 2, 1983 motion for reconsideration, and that are consistent with ¶¶ 1–3 hereof.

5. With respect to the IMPL disbursement claims tried in 1978, defendant's proposed schedule is adopted, plaintiff having failed to state its preferences after having been ordered to do so by the court:

a. Plaintiff's proposed findings of fact and brief (its brief in chief) shall be filed by December 1, 1984;

b. Defendant's proposed findings of fact, objections to plaintiff's proposed findings of fact, and brief shall be filed by April 1, 1985;

c. Plaintiff's objections to defendant's proposed findings of fact and reply brief shall be filed by June 1, 1985.

No enlargements of time will be allowed with respect to the foregoing schedule.

6. Defense counsel has indicated his willingness to attempt settlement of plaintiff's fiscal claims covered by the GSA Report, including those tried in 1978. Second counsel likewise stated his desire to discuss settlement of at least those fiscal claims tried in 1978. Despite the assertion of present counsel in open court that he will not participate in a settlement, resolution of plaintiff's fiscal claims cries for good-faith efforts at settlement. Decision on the claims tried in 1978 cannot take place until after June 1985. Given the impending trial on plaintiff's resource mismanagement claims and the briefing schedule set forth on the fiscal claims tried in 1978 in ¶ 5 hereof, plaintiff's remaining fiscal claims cannot be tried or briefed for summary judgment until well after June 1985. Thus, absent settlement, plaintiff cannot obtain any result through the judicial process on its fiscal claims for at least over one year. The parties therefore are directed to confer for the purpose of settlement. A settlement meeting shall take place in Washington, D.C., during March 1984. Plaintiff's of counsel shall be present at any settlement meetings. The locale designated is justified by defendant's being required to respond to plaintiff's two motions filed on January 12, 1984. *See Beachboard v. United States,* 727 F.2d 1092 (Fed.Cir.1984); *Asberry v. USPS,* 692 F.2d 1378, 1382 (Fed.Cir.

1982). *See also Connell v. Sears, Roebuck & Co.,* 722 F.2d 1542 at 1553–55 (Fed.Cir.1983).[2]

7. A status conference on plaintiff's fiscal claims will be held on March 30, 1984, at 10:00 a.m. in the National Courts Building, 717 Madison Place, N.W., Washington, D.C., at which the parties shall be prepared to report that they have conferred for the purpose of settling these claims. The parties shall be prepared to discuss procedures for adjudicating the remaining exceptions to the GSA Report that were not tried in 1978.

8. The Clerk of the Court is directed to serve a copy of this order by certified mail on Robert C. Brauchli, Esq., Tribal Counsel, White Mountain Apache Tribe, P.O. Box 1150, White River, Arizona 85941.

**2.** *See White Mountain Apache Tribe v. United States,* 4 Cl.Ct. 575 (Ct.Cl.1984) (NETTE-SHEIM, J.) (order denying motion to vacate Nov. 7, 1983 order).