**Austin B. CAMPBELL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 493–81C.**

United States Claims Court.

April 11, 1983.

10. 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

11. *Id.* 355 U.S. at 45–46, 78 S.Ct. at 101–102.

12. Note 4, *supra.*

Austin B. Campbell, pro se.

Marsha D. Peterson, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAYER, Judge.

Plaintiff, an officer in the United States Army Reserve, and an attorney proceeding pro se in this court, brought suit claiming pay and allowances for two periods of active duty for training (ADT) performed in 1981. While the case was pending in the old Court of Claims, defendant paid plaintiff for the two periods. One was paid in full,* but the other reflected a setoff for pay and allowances during a period of ADT in 1979 for which plaintiff had allegedly been overpaid. The latter period is the focus of the parties' attention now.

Defendant states that on June 4, 1979, plaintiff reported for duty pursuant to orders to serve on active duty for 29 days. However, for unspecified reasons his tour was curtailed on June 15, 1979. No amending orders were issued by the Army. Nevertheless, plaintiff submitted a voucher and was paid for the entire period of 29 days. The pay and allowances received for the days in 1979 during which plaintiff did not serve were withheld from his payment for subsequent duty in 1981. Plaintiff says there was no overpayment in 1979 and he is entitled to the full amount of his 1981 pay.

The case is now before the court on defendant's motion for summary judgment. RUSCC 56. Defendant asserts that plaintiff is not entitled to pay and allowances for the 1979 period of duty which he did not serve and the Army's setoff in 1981 was proper. In any event, defendant paid and plaintiff accepted the pay and allowances deemed due and the case should therefore be dismissed. In addition to his denial that he was overpaid in 1979, plaintiff insists that even though his bank accepted and deposited the 1981 payment reflecting the setoff according to his standing instructions, he has not accepted it.

Among the documents submitted to support defendant's motion for summary judgment is a declaration submitted pursuant to 28 U.S.C. § 1746 by the official with authority to order plaintiff's release in 1979. On June 15, 1979, he was notified by two senior officers, one of them the director of the organization to which plaintiff was assigned, that plaintiff "was no longer required for duty and would be terminated effective 15 June 1979." The declaration further states that the program manager at the headquarters which issued plaintiff's orders was notified of the termination one

---

* Since plaintiff concedes he was paid, payment for this period is no longer in dispute.

half hour later. The declaration is accompanied by a contemporaneous memorandum for record to the same effect.

An affidavit submitted by defendant, apparently provided by plaintiff to support his position, is from an officer who states that plaintiff was serving on active duty when the affiant departed for a temporary duty assignment the day before plaintiff's purported release in 1979. There is no argument over whether or not plaintiff was on active duty the day before his release, and the affidavit is silent about any time thereafter.

Plaintiff has made no effort to rebut or explain the information submitted by defendant. He has made conclusory statements that there was no overpayment and that he is entitled to full pay for the period of active duty claimed. He does not say whether he served the entire tour in 1979 and, if he did not, why or on what theory his submission of a pay voucher for the entire period was proper.

■ It is axiomatic that in ruling on a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which is identical to RUSCC 56, any doubt about whether there is a genuine issue of material fact will be resolved in favor of the non-moving party. *See, e.g., Adickes v. Kress & Co.,* 398 U.S. 144, 158, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). And the burden on that party to show there is a genuine dispute about a material fact is not a stringent one. *See First Nat. Bank v. Cities Service Co.,* 391 U.S. 253, 288, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). However, once the moving party has produced evidence which apparently establishes a material fact, the non-movant may not discharge his burden by cryptic, conclusory or generalized responses, *Willetts v. Ford Motor Co.,* 583 F.2d 852, 856 (6th Cir.1978); *Tunnell v. Wiley,* 514 F.2d 971, 976 (3d Cir.1975), or by remaining silent. He "must set forth specific facts showing there is a genuine issue for trial." RUSCC 56(e); *see Atlantic States Construction Co. v. Robert E. Lee & Co.,* 406 F.2d 827 (4th Cir.1969). If not apparent, he should propose some

legal theory, if any there be, under which he is entitled to prevail or to proceed to trial. *See McGuire v. Columbia Broadcasting System, Inc.,* 399 F.2d 902, 905 (9th Cir.1968).

■ Defendant has come forward with evidence that plaintiff's 1979 active duty orders were terminated early. Plaintiff is silent about this evidence. His assertions of no overpayment in 1979 and entitlement to full payment in 1981 are legal conclusions; indeed, they are the ultimate issues in the case. They are insufficient to cast doubt on defendant's evidence. Accordingly, the court concludes there is no genuine issue as to the material fact that plaintiff was ordered from active duty on June 15, 1979.

Plaintiff does not challenge the authority of the Army to offset his pay. His assertion is that it should not have done so here. Therefore, this authority is not at issue.

■ Because plaintiff's ADT was curtailed and he was paid for a period during which he did not serve, the court is satisfied that the Army properly exercised its authority to set off the overpayment against the pay and allowances earned in a subsequent period of ADT. Plaintiff is not entitled to money for a period in which he did not perform services for the Army, *cf. Silver v. United States,* 213 Ct.Cl. 388, 390, 551 F.2d 295, 297 (1977), and the government is entitled to recover funds which it erroneously paid him. *See Fansteel Metallurgical Corp. v. United States,* 145 Ct.Cl. 496, 501, 172 F.Supp. 268, 270 (1959). Though the Army did not amend plaintiff's orders, an amendment would merely have memorialized the order releasing him from active duty. The failure to amend may have contributed to this litigation, but it does not vitiate the order. To permit a clerical omission to determine the outcome of the case would exalt form over substance. *See Patterson v. United States,* 193 Ct.Cl. 750, 755, 436 F.2d 438, 440 (1971); *Browning v. United States,* 179 Ct.Cl. 439, 445, 373 F.2d 915, 918 (1967). It was harmless error.

In light of this conclusion, it is unnecessary to decide whether the acceptance and

**250**

deposit of pay reflecting the setoff by plaintiff's bank requires dismissal under the principle of payment.

Accordingly, defendant's motion for summary judgment is GRANTED, the complaint to be dismissed with costs to the prevailing party.

It is so ORDERED.