SPACE AGE ENGINEERING,
INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 577–82C.

United States Claims Court.

June 9, 1983.

David R. Flyer, Burbank, Cal., Mel Titelbaum, of counsel, for plaintiff.

R. Anthony McCann, Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

MAYER, Judge.

This complaint for injunctive relief and damages was filed on November 12, 1982, by plaintiff Space Age Engineering, Inc., an unsuccessful bidder for a Department of the Army contract. The contract was awarded on August 27, 1982, and performance of it began on October 1, 1982. The essence of plaintiff's complaint is that violations of a federal conflict of interest statute, 18 U.S.C. § 207, and improprieties in the evaluation of bids under the Army's solicitation led to the award of the contract to a competitor.

Plaintiff had previously sought relief similar to that asked for here in a complaint filed in the United States District Court for the Central District of California on September 7, 1982, followed by an application

for a temporary restraining order and motion for preliminary injunction pursuant to an amended complaint on September 9, 1982. The district court denied the application for a temporary restraining order and motion for preliminary injunction on October 4 and 5, 1982, respectively. Plaintiff filed a second amended complaint in district court on October 15, 1982, which was met by defendant's motion to dismiss on the ground that the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. 25 (to be codified at 28 U.S.C. § 1491), deprived the district court of jurisdiction. Plaintiff responded with a notice of voluntary dismissal on November 9, 1982, and thereafter filed this action which defendant again moved to dismiss.

The judge previously assigned this case deferred ruling on defendant's motion to dismiss pending the outcome of *John C. Grimberg Co., Inc. v. United States,* 1 Cl.Ct. 253 (1982) (WILLI, J.), *aff'd,* 702 F.2d 1362 (Fed.Cir.1983). Upon issuance of the mandate in *Grimberg* by the Court of Appeals, this court issued an order to show cause why the case should not be dismissed in light of that decision. The case is before the court on the parties' responses to that order which rely on their earlier pleadings and will be disposed of as if on defendant's motion to dismiss.

In its complaint, plaintiff seeks three remedies: a declaration that the contract awarded the successful bidder is null and void; an injunction preventing defendant from performing the contract; and the award of damages equaling the amount it would have received if it had properly been awarded the contract, pro rata by month until award of the contract is made to plaintiff.

■ The first two claims, for injunctive and declaratory relief, are foreclosed by the Court of Appeals' holding in *Grimberg,* that "exercise of the equitable power granted the Claims Court in 28 U.S.C. § 1491(a)(3) (amended 1982) is limited to cases in which complaints are filed in the Claims Court before the involved contracts have been awarded...." 702 F.2d at 1374. The contract was awarded on August 27, 1982, and plaintiff did not file here until November 12, 1982. Even under a theory not fully articulated by plaintiff that the contract was not effective until the successful bidder began performance on October 1, 1982, the complaint came too late.

■ Plaintiff seeks the benefit of its initial filing in the district court to invoke this court's equitable authority on a "theory of continuity of an action brought in another court." That theory fails, however, for two reasons. Assuming that the filing of suit in federal district court before award is effective in this court if the case is subsequently transferred under section 301 of the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, 96 Stat. at 55 (to be codified at 28 U.S.C. § 1631), plaintiff did not file there until after the contract was awarded. Plaintiff's theory of an inchoate contract until performance started on October 1, 1982, is equally unavailing because the district court action was dismissed before the filing here. The dismissal there before the filing here severed whatever continuity of action might have been assumed to exist between the two courts.

■ All of this, of course, occurred before the Court of Appeals decided *Grimberg* and "plaintiff submits it should not be prejudiced because of confusion surrounding implementation of the [F]ederal Courts Improvement Act of 1982...." It is true that as this case was evolving, the contours of this court's equitable authority under section 1491(a)(3) and its relationship to that of the United States district courts were unclear. *See, e.g., Inter-con Securities Systems, Inc. v. Orr,* No. 82–3668 (D.D.C. Mar. 29, 1983); *Opal Manufacturing Co. v. U.M.C. Industries,* 553 F.Supp. 131 (D.D.C.1982). To a significant extent this is still true and only new legislation or judicial developments over time will clarify the situation. *Compare, e.g., Speco Corp. v. United States,* 2 Cl.Ct. 335 (1983) (MAYER, J.), *with Related Industries, Inc. v. United States,* 2 Cl.Ct. 517 (1983) (MILLER, J.); and *Dean Forwarding Co. v. United States,* 2 Cl.Ct. 559 (1983)

(HARKINS, J.), *with F. Alderete General Contractors, Inc. v. United States,* 2 Cl.Ct. 184 (1983) (MEROW, J.). But after *Grimberg* one thing is certain. Unless equitable relief is sought by filing before award of the contract at issue, this court has no authority to exercise its equitable power and cannot give plaintiff the relief for which it asks.

Plaintiff also seeks to avoid the bar of *Grimberg* by proposing that its allegations that the contract was illegal and is therefore void means there is yet no contract in existence. Therefore its complaint is still pre-award. Allegations of one form of illegality or another are not uncommon in unsuccessful bidder suits. *See, e.g., Big Bud Tractors, Inc. v. United States,* 2 Cl. Ct. 188, 189 (1983) (WOOD, J.); *CACI, Inc.—Federal v. United States,* 1 Cl.Ct. 352, 353 (1983) (SPECTOR, J.); and *Quality Furniture Rentals, Inc. v. United States,* 1 Cl.Ct. 136, 138 (1983) (KOZINSKI, C.J.). It is inconceivable that the Court of Appeals' ruling of no post-award equitable power in this court could be rendered impotent by merely so pleading. *Cf. Space Age Engineering, Inc. v. United States,* 2 Cl.Ct. 262, 264 (1983) (YOCK, J.).

The damages plaintiff seeks are also clearly beyond the authority of this court to award. Plaintiff recognizes that in unsuccessful bidder cases, the Court of Claims held that only bid preparation costs may be recovered. *See Keco Industries, Inc. v. United States,* 192 Ct.Cl. 773, 428 F.2d 1233 (1970); *Heyer Products Co. v. United States,* 135 Ct.Cl. 63, 140 F.Supp. 409 (1956). It nevertheless urges that there is no statutory prohibition against awarding lost profits as damages; federal courts at one time did permit their recovery; and "enlightened" state courts frequently do now. Plaintiff says *Heyer* started a trend which it urges the court not to follow.

It seeks to buttress its position by its status as a "displaced contractor." The argument is that because it had been performing the same services under the contract immediately preceding the one at issue it had a track record of profits against which its losses can be measured, a circumstance that did not exist in cases like *Heyer.*

The court is aware of no authority for the proposition that a displaced contractor is entitled to treatment any different from that accorded other bidders. In any event, it is constrained by the Court of Claims precedent in *Heyer* and *Keco* unless and until changed by the Court of Appeals for the Federal Circuit or the Supreme Court, *see International Electronics Corp. v. United States,* 2 Cl.Ct. 570, 572 (1983) (MAYER, J.), or by Congress.

Finally, defendant insists the case be dismissed in its entirety because plaintiff did not ask for bid preparation costs, the only damages it is potentially entitled to. Plaintiff says while it did not ask for them, its pleadings showed a *prima facie* entitlement to bid preparation costs. This is a belated assertion in response to defendant's arguments; fairly read, the complaint does not contemplate the award of bid preparation costs. Accordingly, plaintiff shall have until June 20, 1983, to amend. If no amended complaint is filed by that date, the case will be dismissed.

It is so ORDERED.