**CONTRACT CUSTOM DRAPERY SERVICE, INC.**

v.

**The UNITED STATES.**

**No. 31–84C.**

United States Claims Court.

Dec. 5, 1984.

David B. Lubash, Jamaica, N.Y., for plaintiff. Lubash & Gardner, Jamaica, N.Y., of counsel.

Terrence S. Hartman, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant. Leodis C. Matthews, Washington, D.C., of counsel.

## OPINION

LYDON, Judge:

This case comes before the court on defendant's motion for summary judgment, which is supported by a contracting officer's affidavit and other pertinent evidentiary materials. Plaintiff opposes said motion solely on the ground that a previous denial of a government motion for summary judgment by the Veterans Administration Board of Contract Appeals (VABCA) constitutes *res judicata* which serves to bar the granting of defendant's present motion for summary judgment. Plaintiff has submitted no responding affidavit in support of its opposition to defendant's motion for summary judgment. However, plaintiff did submit an affidavit it had previously submitted to the VABCA in opposition to the government's motion for summary judgment filed with the VABCA.

Plaintiff's complaint was filed in this court on January 23, 1984, seeking primarily the award from the Veterans Administration (VA) of a contract based on a proposal it had submitted in response to a VA Solicitation which had been issued but subsequently was cancelled. In the alternative, plaintiff claims it is entitled to an award of bid preparation costs and lost profits as a disappointed bidder in not receiving the contract in question. Plaintiff alleges that defendant's cancellation of the solicitation of bids was unreasonable, arbitrary, capricious and without foundation in law or fact. Plaintiff further alleges that defendant cancelled the solicitation in order to subsequently award the contract to another bidder which had performed a similar contract with VA the previous year but had not submitted the low bid on the solicitation in question.

After consideration of the briefs of the parties, and without oral argument, the court concludes that plaintiff's *res judicata* defense must be rejected and defendant's motion for summary judgment should be granted.

### I.

The following facts are deemed established by the pleadings and the parties' affidavits and other uncontradicted evidentiary material which accompanied defendant's motion for summary judgment and plaintiff's opposition thereto.

On December 14, 1981, Invitation for Bids (IFB) no. 632–08–82 was issued soliciting bids to supply and install draperies,

curtain cubicles and accessory hardware and to service such products for the Veterans Administration Medical Center, Northport, New York, for the period from January 1, until September 30, 1982. Seven contractors, including plaintiff, submitted bids.

The bids were opened on January 8, 1982. The contracting officer thereafter contacted plaintiff regarding a problem of non-responsiveness in plaintiff's bid due to its format. The contracting officer arrived at no conclusions on the responsiveness of plaintiff's bid. She did, however, examine all the bids and concluded that it was impossible to ascertain the lowest bidder. She then found the solicitation to be inadequate and ambiguous.

The contracting officer also determined that, when the solicitation was issued, the VA was classified on the Federal Supply Service Schedule as a mandatory user. Such a designation required that the drapery service contract be awarded to a vendor listed as a Federal Supply Service contractor. Prior to the issuance of the IFB, the contracting officer was unaware that the VA was classified as a mandatory user of the Federal Supply Service for drapery services. The submissions of the parties do not indicate that plaintiff was a Federal Supply Service contractor. However, whether plaintiff was or was not such a contractor is immaterial in this case.

Based upon her determinations that the solicitation was ambiguous and that the VA was classified as a mandatory user, the contracting officer sent a letter, dated February 1, 1982, to each bidder cancelling the solicitation for drapery services pursuant to 41 C.F.R. § 1–2.404–1(b)(1) (1982). These letters advised the bidders of the above reasons for the cancellation of the solicitation. The VA subsequently proceeded to procure the items under the Federal Supply Schedule contract as mandated by 41 C.F.R. § 101–26.401–1 (1982).

Prior to receiving the February 1, 1982, letter informing it of the cancellation of the solicitation, plaintiff, on January 26, 1982, submitted to the contracting officer a pro-test letter concerning her treatment of plaintiff's bid and the impending cancellation. In a decision dated February 2, 1982, the contracting officer rejected plaintiff's protests, reiterated the bases for her decision to cancel the solicitation, and stated that no final decision had been made to reject plaintiff's bid as non-responsive. The contracting officer's final decision on the matter was based solely on the cancellation of the solicitation. This final decision also informed plaintiff of its right to appeal to the VABCA within 90 days.

An appeal by plaintiff was docketed by the VABCA on March 18, 1982, followed by plaintiff's submission of its complaint on April 13, 1982. Defendant answered on May 7, 1982, and on June 28, 1982, filed a motion for summary judgment. On August 24, 1982, the VABCA denied this motion for summary judgment. This denial is the basis of plaintiff's claim that defendant is barred by *res judicata* from raising a similar motion before this court. Subsequent to the VABCA's denial of defendant's motion for summary judgment, it dismissed plaintiff's appeal for lack of jurisdiction based on the holding in *Coastal Corp. v. United States*, 713 F.2d 728 (Fed. Cir.1983) (board does not have jurisdiction over bid protest claims seeking damages for bid preparation costs). Plaintiff, on January 23, 1983, filed the instant suit in this court.

II.

In opposition to defendant's motion for summary judgment, plaintiff asserts that this court is barred from considering such a motion because the VABCA previously considered a motion for summary judgment by defendant relative to similar claims. The VABCA denied defendant's motion for summary judgment in a decision dated August 24, 1982. Plaintiff contends that this decision constitutes *res judicata* and operates to bar defendant's attempt to bring in this court its motion for summary judgment directed at issues previously before VABCA.

■ After considering the parties' arguments concerning *res judicata* and the case law thereon, the court must reject plaintiff's argument that this motion for summary judgment is barred by *res judicata*. *Res judicata* is designed to prevent repetitious suits involving the same cause of action. *See Commissioner v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948). The United States Supreme Court added in *Sunnen* that *res judicata* "rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations." *Id.* Most importantly, as far as this case is concerned the Supreme Court added:

> The rule provides that when a court of competent jurisdiction has *entered a final judgment on the merits* of a cause of action, the parties to the suit and their privies are thereafter bound "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." [Id.] [Citation omitted, emphasis added.]

*See also Forrest Village Apartments, Inc. v. United States*, 178 Ct.Cl. 490, 495, 371 F.2d 500, 502 (1967).

■ It is therefore necessary in order for a prior decision to be *res judicata* that it be a decision on the merits. In this case, the prior decision was a denial of a motion for summary judgment by the VABCA. In *Switzerland Cheese Ass'n, Inc. v. Horne's Market, Inc.*, 385 U.S. 23, 25, 87 S.Ct. 193, 195, 17 L.Ed.2d 23 (1966), the Supreme Court stated that " * * * the denial of a motion for summary judgment because of unresolved issues of fact *does not settle or even tentatively decide anything about the merits* of the claim. It is strictly a pretrial order that decides only one thing—that the case should go to trial." (Emphasis added.) The court concludes, based upon the above precedents, that the VAB-

CA decision denying defendant's motion for summary judgment does not constitute *res judicata* and therefore, the court may consider defendant's present motion. For additional support for this conclusion *see United States v. Horton*, 622 F.2d 144 (5th Cir.1980). *Kirby v. P.R. Mallory & Co.*, 489 F.2d 904, 913 (7th Cir.1973), *cert. denied*, 417 U.S. 911, 94 S.Ct. 2610, 41 L.Ed.2d 215 (1974); 6 *J. Moore, Moore's Federal Practice* ¶ 56.14[2] (2d ed. 1983 & 1983–1984 Supp.).[1]

■ It is also clear in this case that the evidence which defendant uses to support this motion for summary judgment is far more extensive than that relied upon by defendant in its motion before the VABCA. It is well established that the denial of a motion for summary judgment due to the appearance of a factual dispute does not prevent a court from subsequently considering a second motion for summary judgment based on an expanded record. *See Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1121 (10th Cir.1979), *cert. denied*, 444 U.S. 856, 100 S.Ct. 116, 62 L.Ed.2d 75; *Kirby v. P.R. Mallory & Co.*, *supra*, 489 F.2d at 913; *Middle Atlantic Utilities Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir.1968). In fact, in this case the VABCA intimated to defendant that the option for a second motion for summary judgment based on additional evidence was available to it. The VABCA stated: "If the Government continues to believe this matter may be disposed of without a hearing it might consider utilizing various available methods of discovery to ascertain with more particularity the substance of Appellant's allegations." *Contract Custom Drapery Service, Inc. v. Veterans Admin. Medical Center, Northport, N.Y.*, Doc. No. VABCA–1723 at 6 (August 24, 1982). This further supports the court's conclusion that defendant's motion for summary judgment before this court is not barred by *res judicata*.

---

1. The court notes that the *granting* of a motion for summary judgment is a decision on the merits. *See Stone v. United States*, 4 Cl.Ct. 264,

268 (1984). However, in this case a denial of a motion for summary judgment is involved.

■ There is an additional basis upon which to reject plaintiff's argument that defendant's motion for summary judgment is barred by *res judicata*. This court has stated:

The doctrine of *res judicata* dictates that when *a court of competent jurisdiction* has rendered a final judgment on the merits of a case, that judgment operates as an absolute bar to additional claims based on the same cause of action. [*Stone v. United States*, 4 Cl.Ct. 264, 268 (1984). (Citations omitted, emphasis added.)]

*See also Lins v. United States*, 4 Cl.Ct. 772, 776 (1984); *Commissioner v. Sunnen, supra*, 333 U.S. at 597, 68 S.Ct. at 719. *Cf. International Philanthropic Hosp. Found. v. United States*, 223 Ct.Cl. 587, 591–92, 621 F.2d 402, 404–05 (1980).

■ In addition, it can be stated that, since the VABCA did not have jurisdiction, its ruling on defendant's initial motion for summary judgment was gratuitous and such a ruling does not preclude the court from hearing defendant's present motion for summary judgment. *See Edward R. Marden Corp. v. United States*, 194 Ct.Cl. 799, 810, 442 F.2d 364, 370 (1971). It is undisputed in this case that the VABCA, subsequent to its decision denying defendant's initial motion for summary judgment, determined that it did not have subject matter jurisdiction regarding the relief sought by plaintiff. Therefore, the VABCA was not a "court of competent jurisdiction" and the doctrine of *res judicata* asserted by plaintiff cannot be applied, in any event, in this case to bar defendant's motion.[2]

**III.**

Having rejected plaintiff's *res judicata* argument, it is necessary to address the merits of defendant's motion for summary judgment. RUSCC 56(e) provides that:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In this case, plaintiff has presented only one affidavit which sets forth any facts which may demonstrate the existence of a genuine issue of fact for trial. The affidavit, from plaintiff's president, was submitted in opposition to defendant's motion for summary judgment before the VABCA. In the affidavit plaintiff implicitly admits that the solicitation was ambiguous. Plaintiff's president also asserted that plaintiff's bid was the lowest. Those are the only factual assertions raised by plaintiff in this case to demonstrate that a genuine issue of material fact exists. Actually, plaintiff's entire opposition to defendant's motion for summary judgment was based on the defense of *res judicata*. Having disposed of this defense, plaintiff has submitted absolutely nothing, other than the affidavit mentioned above, to refute the merits of defendant's motion.

■ On the other hand, defendant has asserted several bases upon which the

---

**2.** In addition to the above grounds for rejecting plaintiff's assertion that the VABCA decision bars defendant's present motion based on *res judicata*, one more basis exists which permits this court to hear defendant's motion for summary judgment. In *Brownfield v. Landon*, 307 F.2d 389, 393 (D.C.Cir.1962), *cert. denied*, 371 U.S. 924, 83 S.Ct. 291, 9 L.Ed.2d 232, the court held that a second judge may grant a motion for summary judgment denied previously by another judge if the motion is not identical and is based on an expanded record. The court in *Brownfield v. Landon* stated, "the rule of comity between judges [did not] require Judge Matthews, on a different and expanded record, to make the same ruling which Judge Youngdale had made." *Id.* at 393. The motion in this case is not identical to the first one filed by defendant in that it opposes plaintiff's claim for lost profits and plaintiff's request that the court award it the contract. Furthermore, the materials before this court are more extensive than was the case before the VABCA. Therefore, based on the holding in *Brownfield v. Landon, supra*, this court may hear defendant's motion.

court should grant summary judgment and has submitted affidavits and other evidence to support its motion. First, defendant claims that the contracting officer in this case had a rational basis for cancelling the solicitation.[3] It is well-established that in order to receive bid preparation costs plaintiff must show that the "Government's conduct was arbitrary and capricious toward the bidder-claimant." *Keco Industries, Inc. v. United States*, 203 Ct.Cl. 566, 574, 492 F.2d 1200, 1203 (1974) (hereinafter *Keco II*).

    The court in *Keco II* set out detailed criteria for establishing whether or not the government acted arbitrarily or capriciously. These criteria include: 1) a determination of the existence of subjective bad faith on the part of defendant which deprived the bidder of fair and honest consideration of his proposal; 2) a determination of whether a reasonable basis for the administrative decision exists; 3) the degree of proof needed for recovery is related to the amount of discretion held by the procurement officials; and/or 4) in some situations, a proven violation of a statute or regulation can be grounds for recovery. 203 Ct.Cl. at 574, 49 F.2d at 1203. The court has reviewed the affidavit and deposition of the contracting officer in this case, as well as additional evidentiary submissions from defendant and is persuaded that, considering the above criteria, there is factual support for defendant's position that the contracting officer did not act arbitrarily or capriciously.

    Further, in considering a claim of bad faith against the government, there is a strong presumption that government officials acted properly. *See Eagle Constr. Corp. v. United States*, 4 Cl.Ct. 470, 479 (1984); *P. Francini & Co. v. United States*, 2 Cl.Ct. 7, 11 (1983); *Burroughs*

*Corp. v. United States*, 223 Ct.Cl. 53, 64–65, 617 F.2d 590, 597 (1980); *Sun Oil Co. v. United States*, 215 Ct.Cl. 716, 746, 572 F.2d 786, 805 (1978). To overcome this presumption, the law requires "well-nigh irrefragable proof." *See American General Leasing v. United States*, 218 Ct.Cl. 367, 374, 587 F.2d 54, 59 (1978); *Knotts v. United States*, 128 Ct.Cl. 489, 492, 121 F.Supp. 630, 631 (1954). *See also P. Francini & Co. v. United States, supra*, 2 Cl.Ct. at 11; *Baird Corp. v. United States*, 1 Cl.Ct. 662, 664 (1983). In proving that the government acted in bad faith the claimant must show specific intent to injure the plaintiff, for example, by predetermining the awardee or by harboring a prejudice against the plaintiff. *See American General Leasing, Inc. v. United States, supra*, 218 Ct.Cl. at 374–75, 587 F.2d at 58–59; *Robert F. Simmons & Associates v. United States*, 175 Ct.Cl. 510, 515–16, 360 F.2d 962, 965 (1966). The contracting officer's affidavit and deposition emphasize the reasons for her withdrawal of the solicitation: *i.e.*, 1) the solicitations, provisions for pricing, were ambiguous, clearly reflected in the subsequent submissions of ambiguous bids in a variety of forms, and 2) the fact that the Veterans Administration was supposed to be a mandatory user under the Federal Supply Schedule contract for the solicited item and the contracting officer had mistakenly overlooked that fact. Such bases for withdrawal of the solicitation do not demonstrate bad faith.

    The second criteria requires the plaintiff to show no reasonable basis for defendant's decision in order to receive bid preparation costs. *See Continental Business Enter's, Inc. v. United States*, 196 Ct.Cl. 627, 637, 452 F.2d 1016, 1021 (1971). This test is not far removed from the bad faith test. *Keco II, supra*, 203 Ct.Cl. at 575, 492

---

3. This was the same basis as that asserted in defendant's motion for summary judgment before the VABCA. The VABCA denied the motion based on plaintiff's allegations that defendant acted arbitrarily and capriciously and was motivated by a desire to award the contract to another bidder. However, as was pointed out earlier, the VABCA left open the possibility of raising the same motion again after further discovery. The fact that the board left his open combined with this court's decision that defendant's motion for summary judgment is not barred by *res judicata* allows this court to consider the claim that the contracting officer did not act in an arbitrary and capricious manner.

F.2d at 1204. The standard that must be met by plaintiff to establish this criteria is a higher one. *Keco Industries, Inc. v. United States,* 192 Ct.Cl. 773, 784, 428 F.2d 1233, 1240 (1970) (hereinafter *Keco I*). The bases, cited above, for the contracting officer's decision clearly demonstrate that a reasonable basis to withdraw the solicitation existed.

■ *Keco I,* cited above, sets out the high standards which generally must be met to recover bid preparation costs. However, in a case in which the government cancels the solicitation altogether the standard is even higher. The government retains in its discretion the right to reject all bids without any liability. *See American General Leasing, Inc. v. United States, supra,* 218 Ct.Cl. at 374, 58 F.2d at 59; *Cincinnati Electronics Corp. v. Kleppe,* 509 F.2d 1080, 1089 (6th Cir.1975); *Keco II, supra,* 203 Ct.Cl. at 577, 492 F.2d at 1205; *Robert F. Simmons & Associates v. United States, supra,* 175 Ct.Cl. at 517, 360 F.2d at 965. Only a bad faith rejection of all bids or cancellation of the solicitation may give rise to a right to recover bid preparation costs. *See American General Leasing, Inc. v. United States, supra,* 218 Ct.Cl. at 374, 587 F.2d at 59. There is no evidence of any bad faith on the part of defendant in this case.

The third criteria set out in *Keco II* to aid in establishing whether or not the government acted in an arbitrary and capricious manner is also important in determining the degree of proof required. This criteria establishes that the greater the discretion held by the procurement official, the greater the degree of proof needed to show the right to recover bid preparation expenses. The regulations in force at the time of the solicitation in question gave the contracting officer a great deal of discretion to reject individual bids or to cancel the invitation altogether even after opening the bids. *Public Contracts and Property Management,* 41 C.F.R. §§ 1–2.404–1—1–2.404–3 (1982). These regulations and the case law, cited above, granting defendant considerable authority to reject all bids makes the degree of proof necessary in this case to recover bid preparation costs very high.

The fourth and final criteria utilized to establish that the government acted arbitrarily or capriciously is a proven violation of a statute or regulation. In this case no such violations have been alleged. In addition, the material submitted by defendant in support of its motion does not evidence any such violations.

■ In reviewing these criteria the court observes that plaintiff has set forth no facts which demonstrate that a genuine issue of material fact exists. RUSCC 56(e); *Campbell v. United States,* 2 Cl.Ct. 247, 249 (1983). As stated earlier, the only evidence submitted by plaintiff was an affidavit from its president stating that it had submitted the low bid on the cancelled solicitation.[4] Such evidence is substantially immaterial in ascertaining whether defendant acted in an arbitrary and capricious manner.

■ The court is convinced that defendant in this case has shown through its affidavit, briefs, and other evidentiary submissions that there is an absence of a genuine issue of fact. Therefore, pursuant to RUSCC 56(e) the burden then shifts to plaintiff in this case to avoid conceding the material facts set forth in defendant's submissions by coming forward with opposing affidavits or other evidence in order to

---

4. The VABCA found that the fact that plaintiff was low bidder was uncontested. *Contract Custom Drapery Service, Inc. v. Veterans Admin. Medical Center, Northport, N.Y.,* Docket No. VABCA–1723 at 2 (August 24, 1982). In the context of the Board's lack of jurisdiction over the claim before it, as discussed previously, such a finding is deemed of no significance. Defendant in its brief supporting its motion for summary judgment shows with documentation, *e.g.,* deposition of contracting officer, that no determination could be made, and none was made, as to which bid of those submitted was the low bid. Even if one were to view this matter as disputed, however, that would not prevent the court from granting defendant's motion because the court finds this fact concerning whether or not plaintiff was low bidder to be immaterial under the circumstances.

defeat defendant's motion for summary judgment. *See Singleton v. United States*, 6 Cl.Ct. 156, 167 (1984). The plaintiff in this case may not rely on the allegation in its complaint that defendant acted in an arbitrary and capricious manner in order to raise an issue of fact. *See First National Bank v. Cities Service Co.*, 391 U.S. 253, 290–91, 88 S.Ct. 1575, 1593–94, 20 L.Ed.2d 569 (1968).

The court recognizes that there may be instances in which a non-moving party may rely solely upon the allegations in his complaint. *See Adickes v. Kress & Co.*, 398 U.S. 144, 159–60, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *Skaw v. United States*, 740 F.2d 932, 937 (1984). However, in this case, like *First National Bank v. Cities Service Co., supra*, defendant has conclusively shown that the facts alleged by plaintiff are not susceptible to an interpretation that might give rise to an inference that defendant acted arbitrarily or capriciously. *Id*, 391 U.S. at 289, 88 S.Ct. at 1592; *Adickes v. Kress & Co., supra*, 389 U.S. at 160 n. 22, 90 S.Ct. 1610, n. 22. Therefore, the rule that the nonmoving party may not rely solely on its allegations in its complaint to generate a genuine issue of material fact is applicable in this case. "It has been noted that it is perilous for a party opposing a motion for summary judgment not to proffer any countering evidentiary materials nor file counteraffidavits. *Adickes v. Kress & Co.*, 398 U.S. 144, 159–61, 90 S.Ct. at 1609–10 (1970)." *Singleton v. United States, supra*, 6 Cl.Ct. at 167. Yet that is exactly what plaintiff did in this case.

■■■■ Defendant, by affidavit and additional evidentiary submissions, established that the contracting officer had a reasonable basis for her decision, did not act in bad faith, and thus did not act arbitrarily or capriciously. These material facts were not controverted by plaintiff by affidavit or with other evidentiary material. A material fact is one which will make a difference in the result of the case. *See Curtis v. United States*, 144 Cl.Ct. 194, 199, 168 F.Supp. 213, 216 (1958), *cert. de-*

*nied*, 361 U.S. 843, 80 S.Ct. 94, 4 L.Ed.2d 81 (1959). Having established those uncontroverted material facts, concerning defendant's lack of arbitrary and capricious action, case law, cited *supra*, mandates that as a matter of law defendant is entitled to a grant of summary judgment on plaintiff's claim for bid preparation costs. All doubts, inferences and credibility have been resolved against defendant as the moving party in reaching this conclusion. *See Housing Corp. of America v. United States*, 199 Ct.Cl. 705, 710, 468 F.2d 922, 924 (1972). Plaintiff's reliance on general allegations which do not show the facts in detail and with precision by affidavit or other countering evidentiary material are not sufficient to block the grant of summary judgment. *See Royal Indemnity Co. v. United States*, 178 Ct.Cl. 46, 51, 371 F.2d 462, 465 (1967). In the absence of affidavits or countering evidentiary material, the court may, as it has in this case, accept as true the statements in defendant's affidavit. *Curtis v. United States, supra*, 144 Ct.Cl. at 199, 168 F.Supp. at 216.

■■■ In addition to plaintiff's claim for bid preparation costs before this court, plaintiff also requests that the court award it the contract or alternatively award it lost profits as a disappointed bidder. The court will first address the issue of lost profits. It is well settled that a disappointed bidder may not recover lost profits. *See Space Age Engineering, Inc. v. United States*, 2 Cl.Ct. 741, 743 (1983); *Zisken Constr. Co. v. United States*, 209 Ct.Cl. 767, 768 (1976); *Excavation Constr. Co. v. United States*, 204 Ct.Cl. 299, 301–02, 494 F.2d 1289 (1974); *Keco I, supra; Heyer Products Co. v. United States*, 135 Ct.Cl. 63, 140 F.Supp. 409 (1956). The only remedy available to an unsuccessful bidder recognized by this court and its predecessor is bid preparation costs. *See Space Age Engineering, Inc. v. United States, supra*, 2 Cl.Ct. at 743; *Keco I, supra; Heyer Products Co. v. United States, supra*. Therefore, consistent with the above precedents, the court rejects plaintiff's claim for lost profits.

Alternatively, plaintiff requests that this court direct the VA to award it the contract. This court has previously stated that it lacks jurisdiction to do so. In *International Graphics, Div. of Moore Business Forms v. United States*, 4 Cl.Ct. 186, 193 (1983), the court stated, "we have no misgivings that this court's jurisdiction is not so broad as to contemplate the affirmative award of a contract to a particular bidder * * *." Several of the Circuit Courts concur that federal courts cannot award contracts to disappointed bidders. *See e.g., CACI, Inc.—Federal v. United States*, 719 F.2d 1567, 1574–75 (Fed.Cir. 1983); *Foley Constr. Co. v. United States Army Corp of Eng'rs*, 716 F.2d 1202, 1206 (8th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984); *B.K. Instrument, Inc. v. United States*, 715 F.2d 713, 728 (2d Cir.1983); *Sea-Land Service, Inc. v. Brown*, 600 F.2d 429, 432–33 (3d Cir.1979); *Cincinnati Electronics Corp. v. Kleppe, supra*, 509 F.2d at 1088–89; *Scanwell Laboratories, Inc. v. Shaffer*, 424 F.2d 859, 864, 869 (D.C.Cir.1970). Because of this lack of jurisdiction, plaintiff's request that this court award it the contract must be dismissed.

### IV.

For reasons set forth above, defendant's motion for summary judgment is granted with plaintiff's complaint to be dismissed.