**DURABLE METALS PRODUCTS, INC., Plaintiff,**

**v.**

**The UNITED STATES, Defendant.**

**No. 687–89C.**

United States Court of Federal Claims.

Jan. 26, 1993.

Dale C. Nathan, Eagan, MN, for plaintiff.

Ellen M. McElligott, Washington, DC, with whom was Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, Director, and Terrence S. Hartman, Asst. Director, for defendant.

## OPINION

ROBINSON, Judge:

This matter is before the court on defendant's motion to dismiss, or in the alternative, for summary judgment. Defendant moves the court to dismiss this action, pursuant to RCFC 12(b)(1) and 12(b)(4), on the grounds that this court lacks subject matter jurisdiction and that plaintiff fails to state a claim upon which relief can be granted. Alternatively, pursuant to RCFC 56, defendant moves this court for summary judgment on the ground that there is no genuine issue as to any material fact and that defendant is entitled to judgment as a matter of law. Plaintiff seeks a contract award, bid preparation costs, attor-

ney's fees, and litigation costs. Plaintiff alleges entitlement to such relief based on the Government's failure to fairly and honestly consider plaintiff's bids for two separate government contracts.

### Factual Background

Plaintiff has been a small business government contractor for nearly thirty years. Through early 1987, the business successfully completed numerous government contracts. Plaintiff alleges that circumstances changed in April of 1987 when Dennis Kraft was assigned by defendant to plaintiff as plaintiff's Quality Assurance Representative (QAR). During the period between April 1987 and January 1988, plaintiff charges, Mr. Kraft embarked on a course of action "to degrade, delay, disrupt, and destroy plaintiff's business." Plaintiff contends that this course of action ultimately led to it being placed on two lists of deficient contractors: the Contractor Alert List and Contractor Improvement Program. As a result, plaintiff became ineligible for awards of government contracts involving more than $25,000.00, unless it first passed a pre-award survey. Between the spring of 1987 and the end of 1989, plaintiff failed to attain the award of a government contract involving more than $25,000.00. Plaintiff's allegations relating to Mr. Kraft's conduct, as well as that of his immediate superiors, are the basis of *Durable Metals Products. v. United States*, No. 427–89C.[1] The instant action, however, arises out of plaintiff's charges that defendant failed to fairly and honestly consider plaintiff's bids on two separate government contracts in 1989.

On September 15, 1989, the United States Army Tank Automotive Command (TACOM) issued Request for Quotation No. DAAE07–89–Q–Y282 (hereinafter "solicitation Y282") to procure fifty-two hub and spindle assemblies. Plaintiff submitted the lowest responsive quotation to TACOM's request.

Shortly after submission of its quotation, plaintiff received a letter from the United States Small Business Administration (SBA) notifying it that the procuring contracting officer determined that plaintiff was non-responsible and, therefore, proposed to reject plaintiff's bid. Plaintiff responded to the notice by applying for a Certificate of Competency (COC). On December, 7, 1989, the SBA informed plaintiff that it had declined to issue plaintiff a COC for solicitation Y282, because plaintiff failed to "demonstrate satisfactory past and present production performance sufficient to give [the] agency a reasonable assurance that the requirements of the solicitation [could] be met."

On or about December 3, 1989, plaintiff received another solicitation from TACOM: No. DAAE07–89–B–L374 (hereinafter "solicitation L374") for 583 center bearing drive shafts. Before submitting a bid, however, plaintiff filed the instant action on December 20, 1989, seeking an order of this court to: (1) enjoin defendant from awarding a contract under either solicitation Y282 or L374; (2) award damages against defendant for its improper finding that plaintiff was non-responsible and for refusing to issue a COC; (3) award plaintiff contracts under solicitations Y282 and L374, or, in the alternative, award plaintiff its bid preparation costs relating to solicitation Y282; and (4) award plaintiff reasonable attorney's fees and costs. This court issued an order, filed December 22, 1989, enjoining the Government from proceeding with any contract award under either of the solicitations. This court suggested that the parties consider participating in a pre-award survey of plaintiff's establishment. The parties entered an agreement allowing for a survey to be conducted in February 1990, shortly after plaintiff submitted the lowest responsive bid to solicitation L374. Consistent with the prior findings by the contracting officer and the SBA, the survey concluded that plaintiff was non-responsible for solicitation Y282, "based upon the proximity in time of the proposed delivery schedule of plaintiff's suppliers and the date delivery was required in the solicitation." The survey concluded further, how-

---

1. This action is not before this judge, but another judge of the Court of Federal Claims.

ever, that plaintiff was a responsible bidder for solicitation L374.

On March 12, 1990, prior to an award of a contract under solicitation Y282, defendant cancelled the solicitation on the ground that such action was "in the best interest of the Government." This action was taken pursuant to Federal Acquisition Regulations (FAR) 14.404–1(c)(3): "[t]he supplies being contracted for are no longer required." *Id.*

Subsequently, plaintiff notified TACOM that it declined to extend the bid acceptance period for solicitation L374, and that it was withdrawing its bid. TACOM later informed plaintiff by written correspondence that solicitation L374 was cancelled "in the best interest of the Government and no award [would] be made." This action, like TACOM's action with respect to solicitation Y282, was taken pursuant to FAR 14.404–1(c)(3).

On January 16, 1992, defendant filed its motion to dismiss, or in the alternative, for summary judgment. This court heard oral arguments relating to the motion on January 15, 1993.

## DISCUSSION

Defendant moves to dismiss this action on the grounds that this court lacks subject matter jurisdiction and that plaintiff fails to state any claim upon which relief can be granted. Alternatively, defendant moves for summary judgment, arguing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law.

Defendant first contends that, pursuant to RCFC 12(b)(1), this court lacks subject matter jurisdiction to entertain plaintiff's claim for equitable relief—injunctive and declaratory relief—for defendant's alleged breach of an implied contractual obligation to consider fairly and honestly plaintiff's bid submitted in response to solicitation L374. Citing RCFC 12(b)(4), defendant contends further that each of plaintiff's last three claims fails to state a cause of action upon which relief can be granted; that is:

1. That plaintiff fails to state a cause of action upon which equitable relief can be granted for defendant's alleged breach of its implied contractual obligations with respect to solicitation Y282;

2. That plaintiff fails to state a cause of action upon which bid preparation costs can be awarded for defendant's failure to consider fairly and honestly plaintiff's bid submitted in response to solicitation Y282; and

3. That plaintiff fails to state a cause of action upon which an award of attorney's fees and costs can be granted pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (1992).

Defendant moves for the dismissal of the complaint under RCFC 12, or, alternatively, for summary judgment under RCFC 56. There is, therefore, a question as to the appropriate standard for granting defendant's motion. RCFC 12(b) requires that RCFC 56 standards be applied to motions to dismiss for failure to state a claim under RCFC 12(b)(4) when the court considers matters outside the pleadings. RCFC 12(b) does not prescribe, however, summary judgment treatment for challenges under RCFC 12(b)(1) to subject matter jurisdiction where a factual record is developed. Unlike RCFC 12(b)(4) ("failure to state a cause of action upon which relief can be granted"), which looks to the merits of a claim, RCFC 12(b)(1) does not expressly authorize the court to rely on matters outside the pleadings and, concomitantly, to treat a motion thereunder as a request for summary judgment, even though a similar need to look to matters outside the pleadings may arise. The reason for treating a 12(b)(1) motion differently than a 12(b)(4) motion "is rooted in the unique nature of the jurisdictional question." *Osborn v. United States,* 918 F.2d 724, 729 (8th Cir. 1990) (quoting *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.), *cert. denied,* 454 U.S. 897, 102 S.Ct. 396, 70 L.Ed.2d 212 (1981)). Jurisdictional issues, whether they involve questions of law or fact, are for the courts to decide; they are threshold questions.

Defendant's only jurisdictional challenge is its first contention—that this court lacks

subject matter jurisdiction to entertain plaintiff's claim for equitable relief with respect to solicitation L374. This is a proper basis upon which to urge a motion to dismiss under RCFC 12(b)(1). Defendant's other three contentions challenge whether plaintiff has stated a cause of action upon which relief can be granted. Because the parties refer to matters outside the record, the court must consider each of these claims under the purview of a motion for summary judgement, rather than a motion to dismiss under RCFC 12(b)(4).

A. *Defendant's Motion to Dismiss.*

■ Defendant contends that this court lacks subject matter jurisdiction to entertain plaintiff's equitable claim relating to solicitation L374. Pursuant to 28 U.S.C. § 1491(a)(3) (Supp.1992), this court has jurisdiction to grant equitable relief in government contract cases prior to award of a contract.[2] *See National Forge Co. v. United States,* 779 F.2d 665, 667 (Fed.Cir. 1985); *United States v. John C. Grimberg Co.,* 702 F.2d 1362, 1367 (Fed.Cir.1983). Plaintiff seeks, in its complaint, injunctive and declaratory relief for the Government's alleged breach of its implied obligations with respect to solicitation L374.

On December 22, 1989, this court allowed defendant to proceed with the bid opening for solicitation L374 provided that, in the event plaintiff was determined to be the low bidder and defendant determined plaintiff to be non-responsible, defendant would delay an award of the contract for thirty days. Plaintiff did, in fact, submit the lowest responsive bid. Subsequently, in response to this court's suggestion, the parties agreed to participate in a pre-award survey to evaluate, *inter alia,* plaintiff's responsibility. The survey concluded that plaintiff was a responsible bidder.[3] Thus, everything indicated that plaintiff would be awarded the contract for solicitation L374.

■ On April 10, 1990, however, plaintiff notified defendant that it declined to extend the bid acceptance period for the solicitation, and that it was withdrawing its bid from consideration.[4] By taking itself out of the bidding process, plaintiff affirmatively relinquished any chance it had of receiving the contract.[5] *Cf. Federal Data Corp. v. United States,* 911 F.2d 699, 703–04 (Fed.Cir.1990). Moreover, the equitable jurisdiction of this court does not include the authority to award a contract as plaintiff requests. *See Arrowhead Metals, Ltd. v. United States,* 8 Cl.Ct. 703, 711 (1985). In short, the equitable relief available in this court to disappointed bidders when the Government breaches its implied obligation to consider bids fairly and honestly does not encompass the relief plaintiff seeks. Plaintiff's decision to withdraw itself from the bidding process effectively moots its present request for equitable relief.

B. *Defendant's Motion for Summary Judgment.*

Defendant's summary judgment motion focuses on plaintiff's last three claims. Defendant argues that it is entitled to judgment, as a matter of law, with respect to each of the three claims.

■ RCFC 56, which closely follows Rule 56 of the Federal Rules of Civil Proce-

---

2. 28 U.S.C. § 1491(a)(3) provides in pertinent part:

> To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable relief as it deems proper, including but not limited to injunctive relief.

3. This was the same survey that found plaintiff to be a non-responsible bidder for solicitation Y282. *See supra* pp. 474–76.

4. Shortly thereafter, the Government cancelled the solicitation, advising that "[t]he supplies being contracted for [were] no longer required."

5. Though the equitable jurisdiction of this court includes the power to direct reinstatement of a solicitation, provided the suit requesting such remedy was filed prior to contract award, plaintiff forgoes requesting such relief. Regardless, to avail itself of this remedy, plaintiff would first need to demonstrate that it has standing to request such relief. Plaintiff's withdrawal of its bid removed itself from "the zone of active consideration" for the contract. *Radva Corp. v. United States,* 17 Cl.Ct. 812, 818 (1989). Thus, plaintiff lacks standing to challenge the cancellation.

dure, imposes an initial burden on the moving party to inform the court of the basis for its motion and to demonstrate through its filings that no genuine issue of material fact exists as to its claim for relief. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the evidence in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied, even if no opposing evidence is presented. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 160, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970). In viewing the movant's evidence, the rule also requires that all factual inferences drawn from such evidence be viewed in the light most favorable to the non-movant, *i.e.,* plaintiff in the instant matter. *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Bromley Contracting Co. v. United States,* 15 Cl.Ct. 100, 104 (1988). Furthermore, any doubt as to whether a genuine issue of material fact exists will be resolved in favor of the non-moving party. *Adickes,* 398 U.S. at 158, 90 S.Ct. at 1609. Thus, "it is axiomatic that, if the moving party fails to meet its initial burden under Rule 56(c), it has no entitlement to summary judgment." *Bromley Contracting,* 15 Cl.Ct. at 104; RUSCC 56(c).

On the other hand, once the moving party adequately meets its *prima facie* burden in establishing that no genuine issue of material fact exists, the burden of going forward shifts to the non-movant. RCFC 56(f). The non-moving party may not discharge this burden by "cryptic, conclusory or generalized responses ... or by remaining silent." *Campbell v. United States,* 2 Cl.Ct. 247, 249 (1983). Rather, the party must present specific and credible facts that either tend to establish all the necessary elements of its case or its position, or raise a genuine issue of material fact. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. A dispute is *genuine* only if, on the entirety of the record, a reasonable finder of facts could resolve a factual matter in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Sweats Fashions, Inc. v. Pan-*

*nill Knitting Co.,* 833 F.2d 1560, 1562 (Fed.Cir.1987).

### 1. *Plaintiff's Claims for Equitable Relief Relative to Solicitation Y282.*

Defendant argues that plaintiff fails to state a proper claim for equitable relief for the Government's conduct relative to solicitation Y282. Plaintiff alleges that the Government's two findings of non-responsibility—in October 1989 and February 1990—lack a rational basis. Therefore, plaintiff maintains, its allegations fall within the purview of this court's equitable jurisdiction. Plaintiff seeks an order preliminarily enjoining the Government from awarding a contract under solicitation Y282. Ultimately, however, plaintiff seeks the award of the contract under this solicitation.

Plaintiff's request for a preliminary injunction is moot since it was previously granted. The cancellation of the solicitation nearly two years ago also renders any request for a permanent injunction moot. As for an award of the contract, this court, as stated above, lacks jurisdiction to grant to such relief. *See Arrowhead Metals, Ltd.,* 8 Cl.Ct. at 711. Consequently, plaintiff's two expressed requests for equitable relief are denied.

Nevertheless, included in this court's equitable jurisdiction over pre-award government contract cases are claims questioning the propriety of bid cancellations. *Id.; Aviation Enters., Inc. v. United States,* 8 Cl.Ct. 1, 5 (1985). More relevant to the instant inquiry, this court has the power to direct reinstatement of a solicitation. *National Forge Co.,* 779 F.2d at 667; *Radva Corp.,* 17 Cl.Ct. at 818. In order to secure reinstatement of a cancelled solicitation, a party must first demonstrate standing to request such relief; that is, it must show that it was "within the zone of active consideration" at the time the solicitation was cancelled. *See Morgan Business Assocs., Inc. v. United States,* 223 Ct.Cl. 325, 332, 619 F.2d 892, 896 (1980); *Vulcan Engineering Co. v. United States,* 16 Cl.Ct. 84, 88 (1988). The party must then show, by clear and convincing

evidence, either (1) that the Government officials involved in the procurement process lacked a rational or reasonable basis for their decision to cancel the solicitation, or (2) that the procurement procedure involved a clear and prejudicial violation of applicable statutes and regulations.[6] *CACI Field Servs., Inc. v. United States,* 13 Cl. Ct. 718, 725 (1987), *aff'd,* 854 F.2d 464 (Fed.Cir.1988); *Aviation Enters.,* 8 Cl.Ct. at 15; *Kinetic Structures Corp. v. United States,* 6 Cl.Ct. 387, 394 (1984).

Plaintiff, unfortunately, fails to challenge the propriety of the cancellation of solicitation Y282. Instead, plaintiff insists that this court should focus on whether the Government's findings of non-responsibility were rational. Though the criteria for reviewing the propriety of the cancellation of a solicitation and a finding of non-responsibility share the same essential element— whether a rational basis exists for the administrative decision—plaintiff fails to establish an evidentiary basis for either the contention that defendant improperly cancelled solicitation Y282 or the contention that defendant made an improper finding of non-responsibility. Plaintiff merely states that additional facts may reveal the Government's improper conduct. This approach is insufficient to defeat a motion for summary judgment.

▮ In *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.,* 739 F.2d 624, 627 (Fed.Cir. 1984), the United States Court of Appeals for the Federal Circuit held that "[s]ummary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint." Plaintiff has had ample time in this matter to obtain materials and affidavits, by discovery or other means, to maintain a genuine issue of material fact requiring a trial. Summary judgment should not be denied on mere assertions of counsel, counsel's desire for further discovery, or conclusory filings arguing that genuine issues of material fact exist. *Carrier Corp. v. United States,* 6

Cl.Ct. 169, 176 (1984). Furthermore, plaintiff's generalized, cursory assertions that certain government officials acted improperly are insufficient to overcome the presumption that public officials properly discharge their official duties and responsibilities. *See United States v. Chemical Found., Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926). To overcome this presumption, the law requires "well-nigh irrefragable proof." *Contract Custom Drapery Serv., Inc. v. United States,* 6 Cl.Ct. 811, 817 (1984).

2. *Plaintiff's Claim for Bid Preparation Costs Relative to Solicitation Y282.*

Defendant next argues that plaintiff fails to state a proper claim for bid preparation costs for solicitation Y282. Once again, plaintiff insists this court should focus on the propriety of the Government's non-responsibility determinations, as opposed to the Government's decision to cancel solicitation Y282.

▮ This court is convinced that plaintiff's claim for bid preparation costs is dependent on a challenge of the propriety of the solicitation cancellation. Since plaintiff fails to assert such a challenge, its claim for bid preparation costs fails. Moreover, this court is compelled to find that the cancellation was proper and lawful and, therefore, that it did not constitute a breach of the Government's implied obligation to consider plaintiff's bid fairly and honestly. *Cf. Morgan Business Assocs., Inc.,* 223 Ct.Cl. at 330, 619 F.2d at 895; *Coastal Corp. v. United States,* 6 Cl.Ct. 337, 342 (1984). Nevertheless, even if plaintiff had challenged the solicitation cancellation, plaintiff's claim would still fail.

▮ An implied term of every request for proposals issued by the Government is that each response, submitted in accordance with the request, will be fairly and honestly considered. *Dynalectron Corp. v. United States,* 4 Cl.Ct. 424, 428 (1984). It is well-established that damages

---

**6.** An important consideration is the prevailing view among courts that determinations in procurement matters should ordinarily be left to the discretion of administrative officials exercising procurement authority. *See P. Francini & Co. v. United States,* 2 Cl.Ct. 7, 11 (1983).

for breach of an implied contract to consider an offer fully and fairly are limited to the offeror's bid preparation costs. *Contract Custom Drapery Serv.*, 6 Cl.Ct. at 819. To establish that the Government breached this implied-in-fact obligation, the plaintiff must show that the Government's behavior was arbitrary and capricious. *Keco Indus., Inc. v. United States*, 203 Ct.Cl. 566, 574, 492 F.2d 1200, 1203 (1974) (hereinafter *Keco II*); *Crux Computer Corp. v. United States*, 24 Cl.Ct. 223, 225 (1991). The court in *Keco II* announced the following criteria for establishing whether or not the Government acted arbitrarily or capriciously: 1) the presence or absence of bad-faith by the Government; 2) whether a reasonable basis existed for the Government's decision; 3) the amount of discretion afforded the public official making the decision; and 4) the violation of a statute or regulation. 203 Ct.Cl. at 574, 492 F.2d at 1203.[7] While there is "no requirement or implication in [*Keco II*] that each of the factors must be present in order to establish arbitrary and capricious action by the [G]overnment," *Prineville Sawmill Co. v. United States*, 859 F.2d 905, 911 (Fed.Cir. 1988), it is doubtless true that "plaintiffs must do more than assert what amounts to mere naked charges of arbitrary and capricious action in order to obtain a trial." *Kinetic Structures Corp. v. United States*, 6 Cl.Ct. 387, 394 (1984). Indeed, these factors must be established by clear and convincing evidence. *Baird Corp. v. United States*, 1 Cl.Ct. 662, 664 (1983). When the Government cancels a solicitation altogether, however, the standard is even higher. *Contract Custom Drapery Serv.*, 6 Cl.Ct. at 818.

▉ Once again, plaintiff merely speculates that public officials acted arbitrarily and capriciously. Speculation simply does not support an award of bid preparation costs, *Dynalectron*, 4 Cl.Ct. at 430, nor does it quell a motion for summary judgment, *Carrier Corp.*, 6 Cl.Ct. at 176.

▉ In addition, the record currently before this court convincingly establishes that the Government's decision to cancel the solicitation was sound. Nothing in the record even hints that the contracting officer's reason for cancelling the solicitation, pursuant to FAR 14.404–1(c)—because "the supplies being contracted for [were] no longer required"—was less than valid, or that it violated a statute or regulation. Also, a careful review of the solicitation reveals that it granted the contracting officer substantial discretion to reject bids, and to cancel or amend the solicitation. Where, as in the instant matter, considerable authority is granted to the contracting officer to reject bids, a high degree of proof is needed to establish the right to recover bid preparation costs. *Contract Custom Drapery Serv.*, 6 Cl.Ct. at 818. Accordingly, plaintiff's failure to challenge the cancellation notwithstanding, this court finds that the cancellation did not constitute an arbitrary and capricious action. Plaintiff bears the risk that, as a result of the procurement process, no award may be made at all. *See Morgan Business Assocs., Inc.*, 223 Ct.Cl. at 331–32, 619 F.2d at 895.

### 3. *Plaintiff's Claim for Attorney's fees and Costs.*

Defendant's last contention is that plaintiff's claim for attorney's fees and costs, pursuant to the EAJA, fails because plaintiff has failed to show itself to be a "prevailing party." In light of plaintiff's failure to prevail with respect to either of defendant's dispositive motions or on its action, plaintiff's claims for attorney's fees and costs are denied.

### CONCLUSION

For the reasons stated above, the court concludes that the complaint should be dismissed, in part, for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1); and that the remaining claims in the complaint be denied, pursuant to RCFC 56.

---

7. The court in *Aviation Enterprises, Inc.* adopted the position that the *Keco II* bid-preparation-cost criteria are "applicable to both determining whether bid preparations costs should be awarded and also to establishing whether [a] cancellation was proper." 8 Cl.Ct. at 16 n. 21.

Defendant's motion to dismiss and motion for summary judgment are hereby granted.

The Clerk of the Court shall enter judgment accordingly. No costs.

