Thomas E. HALL and Deborah R. Hall, Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 410-88C.

United States Claims Court.

Feb. 26, 1990.

J. William Eshelman, Washington, D.C., for plaintiffs.

Steven A. Hemmat, Washington, D.C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant. Douglas E. Wade, U.S. Air Force, of Counsel.

## ORDER

MOODY R. TIDWELL, III, Judge:

This action is before the court on defendant's motion for summary judgment. At issue is whether a contract for sale of a unified fuel control was void or voidable.

## FACTS

Plaintiff Thomas E. Hall is a jet engine mechanic on active duty in the United States Air Force, stationed at Shaw Air Force Base, South Carolina. On September 17, 1986, a "sale by reference" of government surplus property was conducted at the Defense Property Disposal Office facility at Shaw Air Force Base by the Defense Reutilization & Marketing Office. Plaintiff attended this auction.

An item offered for sale at the auction was an F–100 jet engine unified fuel control (UFC). According to Air Force Technical Order 00–25–195 this part was to be sent to a repair depot but was mistakenly offered for sale at the auction. A document contained within the box holding the UFC revealed the price of the item to be $167,553.00. Plaintiff bid on the UFC and was awarded it for $15.00.

On September 19, 1986, plaintiff was requested and finally ordered to return the UFC to the Air Force Office of Special Investigations. Plaintiff complied. Prior to returning the UFC to the Air Force, but after he had been requested to do so, plaintiff attempted to transfer ownership in the UFC to his wife, Deborah R. Hall, co-plaintiff in this action.

On September 25, 1986 plaintiff Deborah Hall submitted a Standard Form 95 pursuant to the Federal Tort Claims Act to the Staff Judge Advocate at Shaw Air Force Base. The claim requested reimbursement for the full value of the UFC, $167,550.00. The Air Force offered to return the purchase price of $15.00, but plaintiffs rejected that offer as inadequate. On March 18, 1988, plaintiffs filed an action in the United States District Court for the District of Columbia requesting judgment on the basis of conversion of property and a taking under the fifth amendment. On plaintiffs' motion, the case was transferred to this court on July 14, 1988. In a Joint Preliminary Status Report the parties agreed that plaintiffs would not pursue their conversion claim as this court does not have jurisdiction over claims sounding in tort.

## DISCUSSION

Summary judgment is appropriate when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. RUSCC 56(c). In evaluating a motion for summary judgment, any doubt over whether a genuine issue of material fact exists must be resolved in favor of the non moving party. *Housing Corp. of Am. v. United States*, 199 Ct.Cl. 705, 710, 468 F.2d 922 (1972); *Campbell v. United States*, 2 Cl.Ct. 247, 249 (1983). In addition, any inferences to be drawn from the facts must be viewed in the light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970).

In this case, plaintiffs seek entitlement to the sum of $175,000.00 as just compensation under the fifth amendment on account of the government's alleged taking of the UFC. Defendant counters that a taking under the fifth amendment never occurred as the contract for sale of the UFC was void or voidable.

Defendant first asserted that because the government cannot be bound by the unauthorized acts of its agents and because the sale of the UFC was unauthorized, the sale was void. Plaintiffs alleged the sale was not void due to unauthorized acts of defendant's agents because defendant had not asserted that the Defense Reutilization and Marketing sale was not properly authorized or conducted properly. Plaintiffs further alleged the sales contract is valid because the UFC was sold due to the negligent acts of defendant's agents and not as a result of an unauthorized act.

 The court finds plaintiffs' arguments on this issue unavailing. It has long been established that the government cannot be bound by the unauthorized acts of its agents. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947); *see Kania v. United States*, 227 Ct.Cl. 458, 650 F.2d 264, 268 *cert. denied*, 454 U.S. 895, 102 S.Ct. 393, 70 L.Ed.2d 210 (1981); *Walton v. United States*, 213 Ct.Cl. 755, 757 (1977); *Consortium Venture Corp. v. United States*, 5 Cl.Ct. 47, 49 (1984). It is not enough that a person may appear to have authority to enter into an agreement on behalf of the government; to bind the government, a person must have actual, delegated authority. *Federal Crop Ins.*, 332 U.S. at 384, 68 S.Ct. at 3; *Consortium Venture*, 5 Cl.Ct. at 49 (citations omitted). This is so even though the agent may have been unaware of the limitations upon his or her authority. *Federal Crop Ins.*, 332 U.S. at 384, 68 S.Ct. at 3. Moreover, plaintiffs bear the burden

of establishing that their contract was entered into by a person having authority to bind the government. *See Kania,* 650 F.2d at 268. Here, plaintiffs are unable to meet this burden.

 In a case similar to the case at hand, the court allowed a contract for the sale of items purchased at a surplus auction to be rescinded by the government. *AST/Servo Sys., Inc. v. United States,* 196 Ct.Cl. 150, 449 F.2d 789 (1971). In *AST/Servo Systems,* items sold at the auction were not demilitarized prior to sale as required. The court held that the directives requiring the demilitarization circumscribed the authority of the representatives of the Air Force to sell the items. Since the directives had not been followed, the action of selling the items was *ultra vires. AST/Servo Sys.,* 449 F.2d at 791. This was so because the directives for demilitarization directly limited the authority of the selling agents and were not merely internal admonitions for the selling agents on how to act within their authority. *Id.*

Here, the UFC was sold in violation of Air Force Technical Order 00–25–195. That order explained the source, maintenance, and recoverability coding of Air Force weapons, systems, and equipment. Basically the order stated what was to be done with parts in need of repair. Nowhere in the Order was there authorization that could be construed to allow the sale of the UFC at the surplus property auction. The plain language of the Technical Order was a clear limitation on the authority to sell. As in *Ast/Servo Systems,* the Order was not a mere internal admonition. Therefore, no officer or employee of defendant ever possessed the requisite authority to bind the government to the terms of the alleged contract and the sale of the UFC at the auction was *ultra vires. See Id.* Accordingly, defendant was not bound by the terms of the purported sale.

 Even if the purported contract for sale were to be construed as authorized, it would be voidable as a result of unilateral mistake: (1) The mistake was to a basic assumption on which the government agent made the contract. In fact, it was the very premise on which the alleged contract was made. Air Force authorization only allowed the UFC to be sent for repairs to the repair depot. (2) The mistake had a material effect on the agreed exchange of performance as the UFC is highly valuable and was not to have been sold. (3) The consequences of the mistake are so grave that enforcement of the contract would be unconscionable. If the contract were allowed to stand, plaintiffs would recover a windfall of over 11,000 times the purchase price. *National Rural Utils. Coop. Fin. Corp. v. United States,* 14 Cl.Ct. 130, 141 (1988), *aff'd,* 867 F.2d 1393 (Fed.Cir.1989) (citations omitted). Consequently, all the elements of unilateral mistake are satisfied.[1]

Because the sales contract was void *ab initio* due to the unauthorized act of the government agent, or in the alternative by the doctrine of unilateral mistake, the court need not reach the parties' other arguments.

### CONCLUSION

The court finds the sales contract void *ab initio* because it was not entered into by an authorized government agent. Even if the contract could be construed as authorized, it would be void based on the doctrine of unilateral mistake. Defendant's motion for summary judgment is therefore granted and the Clerk of the court is directed to dismiss the complaint accordingly.

IT IS SO ORDERED.

---

1. Plaintiffs argue there was no unilateral mistake because the risk of mistake of the value of the property sold lay on defendant, and the elements of unilateral mistake state the risk of mistake must not be on the party asserting mistake. However plaintiffs have missed the mark.

The mistake in this case was not in the value of the property, but that the UFC was held for sale at the auction and not sent to the repair depot. The UFC was not to be sold at any price, let alone for $15.00.