918 F.2d 187
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas E. HALL and Deborah R. Hall, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5072.
 United States Court of Appeals, Federal Circuit.
 Oct. 22, 1990.
 
 Before MARKEY, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 DECISION
 COWEN, Senior Circuit Judge.
 
 
 1
 This appeal is from the decision of the United States Claims Court in Hall v. United States, 19 Cl.Ct. 558 (1990), granting the government's motion for summary judgment and ordering the dismissal of appellants' complaint. Because we have decided that the trial court's findings of fact are not clearly erroneous and that its conclusions are correct as a matter of law, we affirm. See Heisig v. United States, 719 F.2d 1153, 1158 (Fed.Cir.1983).
 
 OPINION
 
 2
 Appellant Thomas E. Hall is a jet engine mechanic in the United States Air Force. On September 17, 1986 he attended a "sale by reference" of government surplus property, conducted by the Defense Reutilization & Marketing Office at Shaw Air Force Base, South Carolina. At the auction, Hall bid on a F-100 jet engine unified fuel control (UFC), and it was awarded to him for $15.00.
 
 
 3
 A document contained within the box holding the UFC revealed the price of the part to be $167,553.00. Two days after the auction, Hall was requested and finally ordered to return the UFC to the Air Force Office of Special Investigations. After purportedly transferring ownership of the UFC to his wife, he returned the UFC to the Air Force.
 
 
 4
 In this case, the Halls seek entitlement to the sum of $175,000.00 as just compensation under the Fifth Amendment for the government's alleged taking of the UFC. The Claims Court found that the UFC was sold in violation of Air Force Technical Order 00-25-195 and that no officer or employee of the government had the authority to bind the government to the terms of the sale. The Halls have failed to show that this finding is clearly erroneous. Consequently, the Claims Court properly concluded that the sale contract was ultra vires.
 
 
 5
 It is well settled that the government cannot be bound by the unauthorized acts of its agents. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384 (1947). Moreover, apparent authority to enter into an agreement on behalf of the government will not bind the government. Actual delegated authority is required. Id.; Consortium Venture Corp. v. United States, 5 Cl.Ct. 47, 49 (1984). This requirement is not affected even though the agent is unaware of the limitations upon his or her authority. Federal Crop Ins. Corp., 332 U.S. at 384. Importantly, a plaintiff bears the burden of establishing the actual authority of the agent to contractually bind the government. Kania v. United States, 650 F.2d 264, 268 (Ct.Cl.), cert. denied, 454 U.S. 895 (1981). The Halls' failure to meet their burden of establishing the auctioneer's selling authority, provides additional support for the holding of the Claims Court that the purported sale contract was not binding on the government.
 
 
 6
 In the alternative, the Claims Court held that the sales contract was voidable because of unilateral mistake. Because we affirm the lower court's primary holding, we need not address the correctness of its alternative holding.