**PRC INC., Appellant,**

v.

**Sheila E. WIDNALL, Secretary of the Air Force, Appellee.**

**No. 94–1481.**

United States Court of Appeals, Federal Circuit.

Aug. 17, 1995.

John S. Pachter, Smith, Pachter, McWhorter & D'Ambrasio, Vienna, VA, ar-

gued for appellant. With him on the brief were Arthur I. Leaderman and Jonathan D. Shaffer.

John E. Erickson, III, Commercial Litigation Branch, Dept. of Justice, Washington, DC, argued for appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen. and David M. Cohen, Director. Also on the brief was Major Robert Blevins, Commercial Litigation Div., Air Force Legal Services Agency, Dept. of the Air Force, of counsel.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

SCHALL, Circuit Judge.

PRC Inc. (PRC) appeals from the August 4, 1994 decision of the General Services Administration Board of Contract Appeals (Board) in *PRC Inc. v. Department of the Air Force*.[1] In that decision, the Board dismissed for lack of jurisdiction PRC's motion for an award of protest and proposal costs (Motion for Costs).

For the reasons set forth below, we reverse the Board's decision and remand the case with the instruction that the Board reinstate the Motion for Costs.

### BACKGROUND

In 1991, the Air Force awarded to Electronic Data Systems Corporation (EDS) the Local Area Networks for Systems Engineering Installation and Integration (LAN SEII) contract for which PRC had competed. PRC timely protested the award to the Board. The Board later consolidated PRC's protest with a protest from Network Solutions, Inc., which also had competed for the contract. On April 30, 1992, the Board issued a decision sustaining PRC's protest on the ground that, in awarding the contract to EDS, the

Air Force had engaged in prohibited practices which were prejudicial to PRC.[2]

On June 1, 1992, PRC timely filed its Motion for Costs, under 40 U.S.C. § 759(f)(5)(C).[3] In its motion, PRC sought reimbursement for the costs of prosecuting the protest and preparing its contract proposal.[4] On August 28, 1992, EDS appealed the Board's underlying protest decision to this court. Shortly thereafter, PRC intervened in the appeal. On September 14, 1992, while EDS's appeal was pending, the Air Force cancelled the LAN SEII procurement and announced plans to incorporate it into a future acquisition. As a result, on October 16, 1992, PRC moved to have EDS's appeal dismissed as moot, arguing that the Air Force's cancellation of the procurement precluded EDS or any other contractor from ever being awarded a contract for the LAN SEII. PRC also argued that, in view of the Motion for Costs pending before the Board, the court should not vacate or otherwise disturb the underlying protest decision.

On December 2, 1992, this court issued an order holding EDS's appeal moot but denying PRC's motion to dismiss. In addition, relying on *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950), the court vacated as moot the decision sustaining PRC's protest, and remanded the case to the Board with instructions to dismiss PRC's protest complaint.[5] On December 28, 1992, PRC filed a combined "Petition for Rehearing to Clarify the Court's December 2, 1992 Order and Suggestion for Rehearing *In Banc*." In its petition, PRC asked the court to clarify the vacatur order by stating that the order should not affect PRC's right to recover protest and proposal costs under 40 U.S.C. § 759. PRC also pointed out that EDS's appeal had not addressed the recovery of costs. In the alternative, PRC sought rehearing *in banc* on the question of whether vacatur for mootness of

---

1. GSBCA No. 11864–C (11532–P), 94–3 BCA ¶ 27,159, 1994 WL 468153 (Aug. 4, 1994).

2. *Network Solutions, Inc. v. Department of the Air Force*, GSBCA Nos. 11498–P, 11532–P, 92–3 BCA ¶ 25,083, 1992 WL 107863, *vacated sub. nom. Electronic Data Sys. Corp. v. Rice*, 988 F.2d 128 (Fed.Cir.1992) (table) (vacating for mootness and remanding with directions to dismiss).

3. *See* 40 U.S.C. § 759(f)(5)(C) (1988) (amended 1994).

4. PRC claimed protest costs in the amount of $321,410.45 and proposal preparation costs in the amount of $201,895.45. Pursuant to its custom, the Board assigned PRC's Motion for Costs a new docket number (GSBCA No. 11864–C), which was different from the docket number assigned to PRC's original protest.

5. *Electronic Data Sys. Corp. v. Rice*, 988 F.2d 128 (Fed.Cir.1992) (table). The December 2 order

a Board decision sustaining a bid protest could be interpreted to deny a successful protester the right to recover protest and proposal costs under 40 U.S.C. § 759.

The court denied the petition for rehearing to clarify the order,[6] and declined the suggestion for rehearing *in banc*.[7] On remand, and pursuant to the vacatur order, the Board dismissed PRC's protest complaint.[8]

On August 4, 1994, the Board dismissed PRC's Motion for Costs for lack of jurisdiction.[9] The Board based its dismissal on a finding that our vacatur order "nulli[fied]" the Board's underlying protest decision in which the Board had determined that the Air Force had engaged in procurement violations. The Board reasoned that a nullification of such findings by the Board eliminated the "necessary predicate" required under 40 U.S.C. § 759(f)(5)(B) for PRC to recover protest and proposal costs under 40 U.S.C. § 759(f)(5)(C).[10] In dismissing the Motion for Costs, the Board also relied on the fact that the court had issued an unqualified vacatur order, notwithstanding PRC's arguments against vacatur, and notwithstanding that the court could have expressly qualified the vacatur order so as not to disturb the pending costs motion.

## DISCUSSION

■ Because the question of jurisdiction is one of law, we review *de novo* dismissals by the Board for lack of jurisdiction. *Trans-*

---

contained a typographical error, which directed the Board to dismiss "EDS's complaint" rather than PRC's complaint. This error was corrected by an order dated December 15, 1992, which directed the Board to dismiss "PRC's complaint."

6. *Electronic Data Sys. Corp. v. Rice*, No. 92–1511 (Fed.Cir. Jan. 21, 1993).

7. *Electronic Data Sys. Corp. v. Rice*, No. 92–1511 (Fed.Cir. Feb. 2, 1993).

8. *Network Solutions, Inc. v. Department of the Air Force*, GSBCA Nos. 11498–P–REM, 11532–P–REM, 1993 WL 33071 (Feb. 10, 1993).

9. *PRC Inc. v. Department of the Air Force*, GSBCA No. 11864–C (11532–P), 94–3 BCA ¶ 27,-159, 1994 WL 468153 (Aug. 4, 1994).

---

*america Ins. Corp. v. United States*, 973 F.2d 1572, 1576 (Fed.Cir.1992); 41 U.S.C. § 609(b) (1988). Additionally, the correct interpretation of cost-shifting statutes such as 40 U.S.C. § 759(f)(5)(C) is a question of law which we review *de novo*. *Sterling Fed. Sys., Inc. v. Goldin*, 16 F.3d 1177, 1182 (Fed. Cir.1994).

On appeal, PRC contends that Supreme Court precedent dictates that our vacatur order not be interpreted in such a way as to prejudice PRC's right to pursue a claim for protest and proposal costs. The Air Force disagrees, arguing that under 40 U.S.C. § 759(f)(5)(B)–(C), PRC cannot recover its protest and proposal costs unless there first exists a Board decision determining that the Air Force committed a violation during the LAN SEII procurement process. The Air Force further argues that, because this court unconditionally vacated the Board's underlying protest decision, any Board determination of a violation by the Air Force was thereby nullified. According to the Air Force, there no longer exists any Board determination on which PRC can base a claim for costs under § 759(f)(5)(C).

■ In appellate cases where "only the issues raised on appeal have been resolved" and therefore have become moot, but the entire case has not become moot, it is "inappropriate" to vacate the decision below with instructions to dismiss "the entire action." *Crowell v. Mader*, 444 U.S. 505, 506, 100 S.Ct. 992, 992, 62 L.Ed.2d 701 (1980). Rather, in those cases where issues such as a party's right to recover fees remain unre-

---

10. Title 40 U.S.C. § 759(f)(5) provides:

(B) If the board determines that a challenged agency action violates a statute or regulation or the conditions of any delegation of procurement authority issued pursuant to this section, the board may suspend, revoke, or revise the procurement authority of the Administrator or the Administrator's delegation of procurement authority applicable to the challenged procurement.

(C) Whenever the board makes such a determination, it may, in accordance with section 1304 of title 31, further declare an appropriate interested party to be entitled to the costs of—

(i) filing and pursuing the protest, including reasonable attorney's fees, and

(ii) bid and proposal preparation.

40 U.S.C. § 759(f)(5)(B)–(C) (1988) (amended 1994).

solved, the appellate court should vacate the decision below "without prejudice to such further proceedings . . . as may be appropriate." *Id.*

When possible, this court's decisions and orders should be interpreted in a manner that is consistent with applicable Supreme Court precedent. Our December 2 order vacated the Board's underlying protest decision and remanded the case to the Board with directions to dismiss PRC's protest complaint. At that time, though, PRC's Motion for Costs was still pending before the Board and, therefore, had not yet been resolved. Our vacatur order was silent on what effect, if any, it was to have on PRC's right to pursue a claim for costs before the Board. As noted, the Air Force contends that the vacatur order should be interpreted to preclude the Board from considering PRC's claim for costs. Such an interpretation, however, would directly conflict with the Supreme Court's decision in *Crowell.* Our vacatur order should be interpreted in accordance with *Crowell,* in such a way as not to prejudice PRC's right to pursue a claim for protest and proposal costs. Because the question of PRC's entitlement to costs was not at issue in the appeal which precipitated the vacatur order, that question was not expressly addressed by the order. Thus, we hold that our vacatur order did not operate to deprive the Board of jurisdiction to consider PRC's claim for protest and proposal costs.

We also hold that our vacatur order did not operate to otherwise prejudice PRC's right to pursue a claim for protest and proposal costs. As noted above, a prerequisite for an award of protest and proposal costs is a "determination" by the Board "that a challenged agency action violate[d] a statute or regulation or the conditions of any delegation of procurement authority." 40 U.S.C. § 759(f)(5)(B)–(C). The Board made such a determination in this case. Our vacatur order should be interpreted in accordance with *Crowell* in such a way as not to nullify the Board's underlying protest decision, insofar as that decision serves as the basis for PRC's claim for costs. Put another way, our vacatur order should not be interpreted so as to alter the historical fact of the Board's under-lying protest decision for purposes of PRC's claim for costs. Thus, there exists a "determination" on which PRC can base a claim for protest and proposal costs. 40 U.S.C. § 759(f)(5)(C).

## CONCLUSION

For the foregoing reasons, the decision of the Board dismissing PRC's claim for protest and proposal costs for lack of jurisdiction is reversed. The case is remanded to the Board, which is instructed to reinstate the Motion for Costs.

## COSTS

Each side shall bear its own costs.

*REVERSED AND REMANDED WITH INSTRUCTIONS.*