**LION RAISINS, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 04–1477C.**

United States Court of Federal Claims.

Filed: Nov. 17, 2005.

Reissued for Publication: Dec. 15, 2005.

Brian C. Leighton, Clovis, CA, counsel of record for Plaintiff, with whom was James A. Moody, Washington, DC.

John H. Williamson, Civil Division, Commercial Litigation Branch, United States Department of Justice, counsel of record for Defendant, with whom were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Donald E. Kinner, Assistant Director.

## OPINION AND ORDER

DAMICH, Chief Judge.

In its Motion to Dismiss for Mootness (hereinafter "Def.'s Mot."), filed September 16, 2005, the United States claims that the bid protest action brought against it by Lion Raisins, Inc. ("Plaintiff" or "Lion") is now moot and that the Court should therefore dismiss the case for lack of jurisdiction. As Defendant notes, the Department of Agriculture ("USDA"), acting on behalf of the United States, suspended Lion on September 13, 2004, for a period of one year. Def.'s Mot. at 1. The government's position is that, because September 13, 2005, marked the end of that suspension, there is no longer a case or controversy and the suit must therefore be dismissed. Id. at 1; see U.S. Const. Art. III. Defendant further argues that, since Plaintiff's bid protest action is moot, all other relief sought by Plaintiff is now unavailable to it. Id. at 2. As Lion's suspension period has expired and the contracts on which Plaintiff bid were never even awarded, the Court finds that no case or controversy remains, and it must GRANT Defendant's motion and dismiss this action for lack of jurisdiction.

## I. Background

Plaintiff is a California-based producer and packager of raisins. It has been awarded and has completed many government con-

tracts for raisins. In August and September 2004, the USDA announced four invitations to bid on contracts to provide raisins for various government programs. Lion bid on at least three of these contracts within their respective deadlines.[1] Plaintiff's Corrected Statement of Facts in Support of its Motion for Judgment on the Administrative Record (hereinafter "Pl.'s Facts") ¶¶ 23, 26–29; Def.'s CSF ¶¶ 23, 26–29. Shortly after Plaintiff bid on these contracts, however, the USDA suspended the company from bidding on government contracts and subcontracts "[e]ffective immediately ... for a period of one (1) year from the date of this letter." Letter from Dr. Kenneth C. Clayton, Suspending Official, Agricultural Marketing System, USDA to Mr. Alfred Lion, Jr., of 9/13/04, at 1, available at Compl. Ex. 1.

Lion filed its complaint in this court on September 20, 2004, requesting that the Court review USDA's suspension decision.[2] Lion also challenged the suspension administratively within the USDA itself. On November 19, 2004,[3] USDA found that Plaintiff's suspension was appropriate and decided that Lion should be suspended from participating in federal government contracts or subcontracts "indefinitely, for a period of time not to exceed one year."[4] Lion Raisins, Inc., USDA Suspension Decision (Nov. 19, 2004) (unpubl.) at 101, available at Defendant's Notice of Filing of Corrected Decision of Suspending Official Ex. 1.

On September 27, 2004, the court entered a stipulated order that prevented the USDA from awarding the relevant contracts until the court issued a decision on the merits or USDA withdrew Lion's suspension, whichever occurred first. The USDA eventually canceled these contract solicitations, and they were never reissued. See Lion Raisins' [Corrected] Opposition to Motion to Dismiss for Mootness (hereinafter "Pl.'s Opp'n") at 12.

1. The other invitation to bid was cancelled before bids were due. It is unclear from the pleadings whether Lion bid on that contract before the solicitation was cancelled. See Pl.'s Facts ¶ 29; Defendant's Counter–Statement of Facts (hereinafter "Def.'s CSF") ¶ 29.

2. Plaintiff amended its complaint on December 20, 2004.

3. The original decision had been issued the day before, but clerical errors were found. These errors were corrected in the November 19 version.

4. The parties agree that the suspension ended on September 13, 2005. See infra Part II.

In December 2004, the parties filed cross-motions for judgment on the administrative record. After lengthy proceedings regarding the content of the Administrative Record ("AR") and whether certain portions of the AR were protected under a February 7, 2005 Protective Order, this case was eventually transferred to the current judge. Then, as the Court was preparing to rule on the cross-motions for judgment on the administrative record, Defendant filed the instant motion to dismiss this case for mootness.

## II. Bid Protest Claim

■ Consideration of Defendant's motion hinges on one legal question—whether there is still a case or controversy in this action. *See County of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979) (defining mootness as occurring when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969)). The parties agree that the suspension expired on September 13, 2005, and that the four August–September 2004 solicitations for bids were cancelled. *See* Pl.'s Opp'n at 1, 12; Def.'s Mot. at 1; Defendant's Reply in Support of its Motion to Dismiss for Mootness (hereinafter "Def.'s Reply") at 1. Because of the expiration of the suspension and the prior cancellation of the bid solicitation, the Court finds that Plaintiff suffers no harm from Defendant's alleged actions. Since the suspension has ended, Plaintiff can no longer claim that it is suffering from a lack of ability to bid on government contracts. Furthermore, since the contract solicitations were cancelled, Plaintiff can no longer complain that the contracts at issue were improperly awarded to a higher bidder, because the contracts were not awarded to any bidder. *See CCL Serv. Corp. v. United States*, 43 Fed.Cl. 680, 690 (1999) (holding that the declaratory and injunctive relief of the bid protest at issue was "definitely moot in light of the cancellation of the contracts") (citing *Durable Metals Prods., Inc. v. United States*, 27 Fed.Cl. 472, 477 (1993)).[5]

Nevertheless, as Plaintiff argues, a case generally cannot be dismissed for mootness if (1) a defendant voluntarily ceases the challenged unlawful conduct, *see Davis*, 440 U.S. at 631, 99 S.Ct. 1379 ("[A]s a general rule, 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, *i.e.*, does not make the case moot.'") (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)), or (2) the action complained of is "capable of repetition, yet evading review." *Honig v. Doe*, 484 U.S. 305, 318, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988) (quoting *Murphy v. Hunt*, 455 U.S. 478, 482, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982)).

### A. Voluntary Cessation of Alleged Improper Conduct

■ Plaintiff argues that Defendant has voluntarily ceased its suspension of Lion and that "USDA has not demonstrated that it will never use the documents on which it has relied in some future attempt to suspend or debar Lion." Pl.'s Opp'n at 9. However, Defendant did not "voluntarily cease" its suspension. The suspension simply expired. As Defendant convincingly argues, "USDA has not chosen to lift the suspension of Lion. Rather, Lion's suspension, the event which Lion challenges in this suit, no longer exists." *See* Def.'s Reply 5. The Court therefore holds that Defendant did not "cease" the alleged unlawful suspension and thus this exception to mootness is not pertinent to bar dismissal here.

### B. Capable of Repetition But Evading Review

■ Plaintiff recites the second exception as occurring "when the challenged unlawful conduct is capable of repetition in such a manner as to evade any practical opportunity for review." Pl.'s Opp'n at 11 (citing *Honig*, 484 U.S. at 318, 108 S.Ct. 592). Plaintiff correctly characterizes this exception as being "conditioned on findings that the duration of the challenged action is too short to have the issue fully litigated and there is a 'rea-

---

5. Under case law from the United States Court of Appeals for the Federal Circuit and this court, any claim for bid preparation and proposal costs is also moot. *See infra* Part III.

sonable likelihood' that the complaining party again will suffer the same injury." *Id.* (citing *Torrington Co. v. United States,* 44 F.3d 1572, 1577 (Fed.Cir.1995)); *see also Cambridge Lee Indus., Inc. v. United States,* 916 F.2d 1578, 1581 (Fed.Cir.1990).

On the issue of time for review, Defendant argues that this case is unlike *Torrington,* in which the court said, "[t]he record shows that litigation cannot keep pace with the rate of [antidumping] administrative reviews. [The International Trade Administration] calculates a new cash deposit rate before full adjudication of the old rate can take place." Def.'s Reply at 6 (quoting *Torrington,* 44 F.3d at 1578). Cases such as this bid protest action are different, as litigation normally could be completed before a one-year suspension ends.[6] One needs only to look at this case to see that a stipulated order was entered just one week after the complaint was filed, in which the court ordered that the Department of Agriculture "not award any contracts for raisins or raisin products until the Court issues its decision on the merits in this case, or until the Department of Agriculture withdraws Lion's suspension, whichever occurs first." In addition, a decision on the merits would have been possible within a year if there had not been various delays, such as reassignment and disagreement on the scope of the protective order and the content of the administrative record.

Plaintiff contends that "USDA could keep suspending Lion based upon the same stale allegations and revoke or let the suspension lapse on the eve of a judicial decision." Pl.'s Opp'n at 11. Lion also argues that the allegations stemming from 1997–98 have been reviewed by three courts already, and thus Defendant might suspend it again on the same bases.[7] *Id.* at 1–2, 9. However, according to *Torrington,* Defendant merely has to show that there is no "reasonable likelihood" that it will bring the same action against Lion. Defendant has done this, by noting that Lion is already "the subject of ongoing USDA inspection services debarment proceedings," and that USDA could have continued the suspension if it wanted to use the same allegations. Def.'s Reply at 5. Since Defendant declined to extend the suspension and is already pursuing the different, harsher remedy of debarment, Defendant would have little motive for suspending Lion again based on the same allegations. This Court concludes that there is no reasonable likelihood that Defendant will recycle the same allegations in a new suit. Therefore, since neither of the conditions for the "evading review" exception has been met, and since the "voluntary cessation" exception does not apply, the Court finds that this claim is moot.

### III. Related Claims

██ Even though Plaintiff's bid protest must be dismissed, there is a question as to whether Plaintiff's claim for bid preparation and proposal costs is moot. *See Intrepid v. Pollock,* 907 F.2d 1125, 1131 (Fed.Cir.1990) ("[A]lthough subsequent acts may moot a request for particular relief or a count, the constitutional requirement of a case or controversy may be supplied by the availability of other relief.") (citations omitted). Plaintiff, of course, avers that it is entitled to pursue an action to recover these costs. Pl.'s Opp'n at 12–14. Defendant contests this, stating that none of the relief that Lion seeks is available to it, since the suspension period has ended. Def.'s Mot. at 2. Defendant's argument is supported by decisions in the Federal Circuit and Court of Federal Claims that have held that a decision on the merits must occur before bid preparation and proposal costs can be awarded. *See, e.g., PRC, Inc. v. Widnall,* 64 F.3d 644, 647 (Fed.Cir. 1995) ("[A] prerequisite for an award of protest and proposal costs is a determination ... that a challenged agency action violated a statute or regulation ....") (internal quotations and citation omitted); *CCL,* 43 Fed.Cl. at 690 ("[A] decision on the merits of the award must be made prior to the award of

---

**6.** Court statistics (1994–2004) indicate that on average a bid protest is decided within 166 days of filing.

**7.** It appears that Lion's count includes the decision of the district court in California, which transferred the 2001 suspension case to this court. Therefore, there were really only two instances of review, both by this court, in 2001 and 2004.

**36**

bid preparation and proposal costs. Without analysis of the merits of the award, the court lacks a basis to grant further relief.").

It is only logical then, that if a decision on the merits is required and cancellation precludes such a decision, cancellation of the solicitations to bid also prevents Plaintiff from seeking bid preparation and proposal costs. *See S.K.J. & Assocs., Inc. v. United States,* 67 Fed.Cl. 218, 228 (2005), ("[B]ecause the original contract and solicitation at issue here were cancelled, there is no matter before the court for resolution upon which SKJ can base its claim for bid preparation and proposal costs."). Since the government has cancelled its solicitations for the bids at issue in this case, and since, therefore, making a decision on the merits of the award is no longer possible, the Court has no power to decide whether Plaintiff is entitled to bid preparation and proposal costs and finds that those claims for relief are also moot.

## IV. Conclusion

The Court holds that it lacks jurisdiction over all of Plaintiff's claims, as Plaintiff's claims have become moot. Therefore, the Court hereby GRANTS Defendant's motion to dismiss and DIRECTS the Clerk of the Court to dismiss this case.

With regard to previous motions filed by the parties, the Court finds that (1) Plaintiff's December 7, 2004 motion to strike portions of the administrative record shall be denied as moot, since Judge George Miller denied that motion from the bench in a hearing held on December 21, 2004; (2) the documents comprising the administrative record shall be the ones that the parties agreed to in Defendant's notice of filing the administrative record, filed April 11, 2005; and (3) the cross-motions for summary judgment are dismissed as moot, since the Court no longer has jurisdiction over this action.[8]

8. This document was reissued for publication on December 15, 2005, pursuant to a Joint Report filed by the parties, dated December 14, 2005.

The Joint Report stated that the opinion, originally filed under seal, could be published without any changes from the original version.