NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**TOTOLO/KING JOINT VENTURE,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5037,-5167

---

Appeal from the United States Court of Federal Claims in Case No. 09-CV-104, Judge Christine O.C. Miller.

---

Decided: June 6, 2011

---

EDWARD J. KINBERG, Kinberg & Associates, LLC, of Melbourne, Florida, argued for the plaintiff-appellant. With him on the brief was JAMES E. KRAUSE, James E. Krause, P.A., of Jacksonville, Florida.

JOHN S. GROAT, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for the defendant-

appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and ALAN J. LO RE, Assistant Director.

―――――――――――――――

Before BRYSON, PLAGER, and PROST, *Circuit Judges.*

PER CURIAM.

These consolidated appeals are taken from orders of the Court of Federal Claims in a bid protest case. Plaintiff Totolo/King Joint Venture, a general contractor that was registered as a Service-Disabled Veteran-Owned Small Business ("SDVOSB"), responded to a "sources sought notice" relating to a construction contract for the Department of Veterans Affairs ("DVA"). Although the solicitation was initially designed to be restricted to qualifying small businesses, the contracting officer made a determination that there were not enough qualifying small businesses to warrant restricting the solicitation and therefore issued a presolicitation notice announcing that the DVA planned to procure the construction services through an unrestricted bidding process that would be open to all offerors. Totolo/King then filed this action in the Court of Federal Claims, claiming that the contract should have been set aside for limited competition. The Court of Federal Claims denied relief and dismissed a subsequent motion for relief from judgment as moot. Totolo/King has appealed both orders to this court.

While the appeal from the bid protest action was pending, William Totolo died. Mr. Totolo was the disabled veteran who provided the Totolo/King Joint Venture with its status as a SDVOSB. The government argues that, based on Mr. Totolo's death, the Totolo/King Joint Venture now lacks standing to contest the DVA's failure to set the procurement aside for qualifying small busi-

nesses. Totolo/King resists the suggestion of mootness. Although it acknowledges that it has lost its status as a SDVOSB, it contends that the action is not moot because (1) it is entitled to an award of attorney fees and costs; (2) it is entitled to unspecified damages; and (3) the action should continue for the benefit of other SDVOSBs that might be subject to similar treatment in the future.

The action in this case became moot not simply because a principal of one of the parties died, but because of the effect that Mr. Totolo's death had on the eligibility of Totolo/King to seek relief on the merits of its claim. Because Mr. Totolo's death deprived Totolo/King of its status as a qualifying small business, Totolo/King can no longer benefit from a judicial decree limiting the bidding to qualifying small businesses. For that reason, there is no longer a live controversy between the parties, and the action must be dismissed as moot. *See DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) ("federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them"); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 67-68 (1997) (requirement that a litigant "possess 'a direct stake in the outcome' . . . must be met by persons seeking appellate review, just as it must be met by persons appearing in courts in the first instance"; when a party ceases to have such an interest, the action is moot).

None of the three grounds invoked by Totolo/King is sufficient to avoid dismissal of these appeals for mootness. First, as to damages, the statute on which this bid protest action was predicated, 28 U.S.C. § 1491(b)(1), permits the court to grant declaratory and injunctive relief, but provides that "any monetary relief shall be limited to bid preparation and proposal costs." Totolo/King did not submit a bid on the DVA contract and

therefore never incurred those costs. There is therefore no continuing claim for damages that would serve to keep this dispute alive.

Second, Totolo/King's intention to seek attorney fees is not a viable basis for avoiding mootness. The Equal Access to Justice Act, *id.* § 2412(d), provides in certain circumstances for fee awards to private parties who litigate against the government, but the Act specifically requires that the party be a "prevailing party." Totolo/King was not a prevailing party in this case and therefore is not entitled to a fee award. When the case became moot with Mr. Totolo's death, Totolo/King lost the prospect of ultimately becoming a prevailing party and accordingly it lost the possibility of obtaining an EAJA fee award. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598 (2001) (holding that mootness of action on the merits precluded award of attorney fees because petitioners could never be prevailing parties).

Finally, there is no force to Totolo/King's suggestion that this case should be continued because of its importance to other, future SDVOSBs, even though Totolo/King has no ongoing interest in the litigation. It is well settled that a party's desire to press a particular legal position in order to benefit others is not enough to prevent a case from being moot when there is no continuing case or controversy between the parties before the court. *See Alvarez v. Smith*, 130 S. Ct. 576, 580-81 (2009) (dismissing abstract legal dispute as moot where law was no more likely to impact plaintiffs in the future than any other citizens).

Accordingly, we dismiss the appeals and remand for the Court of Federal Claims to dismiss the complaint.

**DISMISSED and REMANDED**