NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VETERANS CONTRACTING GROUP, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES, WILLIAMS BUILDING COMPANY, INC.,**
*Defendants-Appellees*

---

2018-1410

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01188-CFL, Judge Charles F. Lettow.

---

Decided: November 20, 2018

---

JOSEPH ANTHONY WHITCOMB, Rocky Mountain Disability Law Group, Denver, CO, argued for plaintiff-appellant. Also represented by TIMOTHY TURNER, Whitcomb, Selinsky, McAuliffe, PC, Denver, CO.

ELIZABETH ANNE SPECK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee United States. Also represented by ALISON VICKS, TARA

K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR., JOSEPH H. HUNT.

JOHN M. MANFREDONIA, Manfredonia Law Offices, LLC, Cresskill, NJ, for defendant-appellee Williams Building Company, Inc.

_____

Before LOURIE, DYK, and HUGHES, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Veterans Contracting Group, Inc., ("VCG") appeals from a decision of the United States Court of Federal Claims ("the Claims Court") holding that the Small Business Administration ("SBA") did not act arbitrarily, capriciously, or contrary to the SBA's regulations by applying the SBA's requirement for unconditional service-disabled veteran ownership of a small business in order to qualify for service-disabled veteran-owned small business ("SDVOSB") set-aside contracts. *Veterans Contracting Grp., Inc. v. United States*, 135 Fed. Cl. 316, 330 (2017). The SBA applied the standard for unconditional ownership articulated in *The Wexford Grp. Int'l, Inc.*, SBA No. SDV-105, 2006 WL 4726737 (June 29, 2006) ("*Wexford*") to VCG and determined that VCG was not at least 51% unconditionally owned by a service-disabled veteran as required by 13 C.F.R. § 125.12, removed VCG from SDVOSB eligibility, and disqualified VCG from receiving a contract award from the U.S. Army Corps of Engineers ("the Corps") set aside for SDVOSBs. We have appellate jurisdiction under 28 U.S.C. § 1295(a)(3). We dismiss the appeal as moot.

The appeal is moot because each of the remedies VCG originally requested is now beyond the power of this court to grant. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996) (holding that an appeal should be dismissed as moot when "a court of appeals cannot grant any effectual relief

whatever"); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions.") (citations omitted).

In its complaint, VCG sought: (1) an injunction ordering the Corps to award, or at least to consider awarding, the contract at issue to VCG; (2) a declaration restoring VCG's SDVOSB eligibility; (3) a declaration that the SBA acted unreasonably and contrary to law and regulations when it applied *Wexford* and determined that VCG was ineligible for the SDVOSB program; and (4) fees and expenses of attorneys. We conclude that subsequent events have rendered the first two remedies moot, and the latter two are insufficient on their own to create an Article III case or controversy.

VCG's request for retroactive award of the contract at issue is moot because the government terminated the contract. *See Durable Metal Prods., Inc. v. United States*, No. 93-5090, 11 F.3d 1071 (Table) (Fed. Cir. 1993) (holding that a bid protestor's request for an injunction was moot because the solicitation had been properly cancelled), *and PRC Inc. v. Widnall*, 64 F.3d 644, 645 (Fed. Cir. 1995); *see also Coastal Envtl. Grp., Inc. v. United States*, 114 Fed. Cl. 124, 131 (2013) ("[T]he Court of Federal Claims has consistently found that the cancellation of a procurement renders a protest of that procurement moot.") (collecting cases).

VCG also argues that the SBA's reliance on *Wexford* to remove VCG from SDVOSB eligibility was erroneous, and thus VCG should have its SDVOSB eligibility restored. Since this appeal was taken, the SBA has promulgated new regulations that change the definition of the requisite unconditional ownership by a service-disabled veteran, effectively overturning *Wexford*. *See* Ownership and Control of Service-Disabled Veteran-Owned Small Business Concerns, 83 Fed. Reg. 48,908

(Oct. 1, 2018) (to be codified at 13 C.F.R. § 125). These regulations now govern VCG's eligibility as an SDVOSB. As a result, VCG's request for restoration of its SDVOSB eligibility under previous SBA regulations is moot.

Neither of VCG's two remaining requests, for declaratory relief and for fees and expenses of attorneys, prevents dismissal for mootness. A request for declaratory relief, in and of itself, is not sufficient to confer jurisdiction on an Article III court where there is no "substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975). There is no Article III case or controversy where the case has become "an abstract dispute about the law, unlikely to affect [the party] any more than it affects other[s]." *Alvarez v. Smith*, 558 U.S. 87, 93 (2009). Whether the SBA acted arbitrarily, capriciously, or contrary to the SBA's regulations by applying the now-defunct *Wexford* standard to define unconditional ownership does not affect VCG in any future procurement, and thus it is exactly the type of moot, abstract dispute excluded from our jurisdiction.

VCG also asserted that its request for fees and expenses of attorneys —made at oral argument but not in either of its briefs—is sufficient to prevent dismissal for mootness, but a free-standing claim for fees and expenses of attorneys "is not a viable basis for avoiding mootness," *Totolo/King Joint Venture v. U.S.*, 431 F. App'x 895 (Fed. Cir. 2011). *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990) (explaining that an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"). VCG's occasional requests for fees and expenses of attorneys do not grant this court jurisdiction to decide an otherwise moot case.

Accordingly, there is no Article III case or controversy for this court to resolve, and we dismiss this appeal as moot.

**DISMISSED**